29306. PARKER *v.* SMITH.

DECIDED JANUARY 24, 1942.

*James C. Howard Jr.,* for plaintiff in error.
*Craighead & Dwyer,* contra.

SUTTON, J. J. Morgan Smith brought suit against Estes E. Parker to recover damages because of injuries sustained by him through the negligent operation of the defendant's automobile

truck by his employee, Jewell Davis. The defendant denied liability, contending that at the time of the plaintiff's injury the driver of the truck was not acting within the scope of his employment with the defendant. Verdict and judgment were rendered in favor of the plaintiff. The defendant's motion for new trial was overruled, and the exception here is to that judgment.

■ The evidence was sufficient to authorize the jury to find that the injuries of the plaintiff were proximately caused by the negligence of the driver of the truck, but it is contended in support of the general grounds of the motion for new trial that under the evidence the driver was not, at the time of the plaintiff's injury, acting within the scope of his employment with the defendant, but was on his own personal business, disconnected from any interest of the employer, and that the verdict and judgment were not authorized. It appeared from the evidence that Jewell Davis, the truck driver, was at the time of the injury in the employ of the defendant, who conducted a business on Ivy Street, between Auburn Avenue and Edgewood Avenue, in the City of Atlanta, in the name of Dixie Radiator & Welding Company, and that on the morning of the injury the driver of the truck had been directed to go to Bellwood prison camp of Fulton County for the purpose of bringing back a radiator to be repaired by the defendant; that the prison camp is near Ashby Street between Bankhead Highway and Marietta Road; that the usual route of the driver in going from the defendant's place of business to the prison camp was to proceed on Luckie Street to North Avenue which crosses it, to turn to the left on North Avenue, and then on Marietta Street and to the prison camp. On the morning of the injury, however, he did not turn to the left after reaching North Avenue, but proceeded across it and along Hemphill Avenue, which is a continuation of Luckie Street, and after reaching Third Street, about two blocks beyond North Avenue, ran the automobile into the plaintiff who was at the time crossing Hemphill Avenue, with the result that the plaintiff was severely injured. The driver testified that he was en route to the prison camp for the radiator, but that he crossed North Avenue and was proceeding along Hemphill Avenue because he wanted to go to his home on Tenth Street for a suit of clothes which he desired to have pressed, and that he expected to return to Fifth Street and along that street

to proceed to Marietta Street and thence to the prison camp. Because of the alleged deviation in the manner stated there arises the issue whether or not the driver was within the scope of his employment at the time of the injury to the plaintiff.

It is, of course, the general rule that "if a servant steps aside from his master's business, for however short a time, to do an act entirely disconnected with it, and injury results to another from such independent voluntary act, the servant may be liable, but the master is not." *Atlanta Coca-Cola Bottling Co.* v. *Brown,* 46 *Ga. App.* 451 (167 S. E. 776), and cit.; *Henderson* v. *Nolting First Mortgage Corporation,* 184 *Ga.* 724, 733 (193 S. E. 347, 114 A. L. R. 1022). However, if a servant or employee, while engaged in the business of his master, makes a slight deviation for ends of his own, the master remains liable when the act is so closely connected with the master's affairs that, though the servant may derive some benefit from it, it may nevertheless fairly be regarded as within the scope of his employment. *Limerick* v. *Roberts,* 32 *Ga. App.* 755 (124 S. E. 806); *Jump* v. *Anderson,* 58 *Ga. App.* 126 (197 S. E. 644). Where there is a deviation the question should ordinarily be submitted to the jury as to whether or not the deviation from the master's business was slight, so slight as not to affect the master's responsibility for the negligent act. *Bunch* v. *McLeskey,* 173 *Ga.* 545 (161 S. E. 128). In the present case the employer testified that it would be possible to reach the prison camp by going out Hemphill Avenue beyond the point of collision and turning to the left on Eighth Street, and then turning to the left and proceeding to Marietta Street, although it was not the most direct route, but that he did not know the difference in the respective distances as he had not measured them. The plaintiff testified that he had actually measured the difference in such distances, which was 15/100 of a mile (792 feet), and that a great deal of traffic could be avoided by going out Hemphill Avenue beyond the point where the injury occurred. It is clear from the evidence that at the point of injury the driver of the truck was still on a route that could be taken to the prison camp, and that he was two blocks beyond North Avenue, but he had not reached Eighth Street from which he could, on reaching it, have turned to the left and proceeded to Marietta Street and thence to the prison camp. In these circumstances we can not say as a matter of law

that the deviation, if such, was of a degree which establishes that the driver of the truck was not within the scope of his employment at the time of the plaintiff's injury. The court properly referred to the jury the determination of the question whether or not there was a deviation and, if so, whether or not it was so slight as not to affect the master's responsibility for the negligent act of the driver of the truck. The jury resolved this question in favor of the plaintiff, and under the evidence the verdict was authorized. Accordingly, the court did not err in overruling the general grounds of the motion for new trial.

■ One special ground of the motion for new trial complains that the court erred in admitting in evidence, over objection and without proof of its correctness, a map of the City of Atlanta, it being contended that it was a small map and was prejudicial and harmful to the defendant because it tended to show that there might possibly have been a route other than by North Avenue to the prison camp, the destination of the truck driver, and to minimize the deviation of the driver and give the jury the impression that it was so slight as to be of no consequence. It is, of course, error to admit in evidence a map which is not authenticated or proved correct, but in the present instance we do not think that the admission in evidence of the map in question was harmful to the defendant. It was established without contradiction that there was a route beyond North Avenue to Marietta Street and the destination of the driver, and it is not contended that the map showed to the contrary. The evidence also conclusively established that the difference between the two routes did not exceed 15/100 of a mile (792 feet) and the map did not show less, and, indeed, did not show any measurements or any marks which could reasonably have misled the jury into minimizing the uncontraverted facts as to deviation. This special ground does not show reversible error.

■ The charge of the court, "If a servant so employed, while engaged in the business of the master, makes a slight deviation on business of his own, the master remains liable when the act was so closely connected with the master's affairs, though the servant might derive more benefit from it, it nevertheless might be regarded as in the scope of his employment," stated a correct principle of law and was adjusted to the facts of the case, and was not

error for any reason assigned in a special ground of the defendant's motion for new trial. *Judgment affirmed. Felton, J., concurs.*

STEPHENS, P. J., concurring specially. I concur in the conclusion that the evidence authorized the finding that at the time of the injury the driver was, as the defendant's servant, in and about his master's business, and that the defendant was liable. I do not concur in the theory that the defendant is liable because there was only a slight deviation by the servant from the direct route to his destination.