## 48275. BROWN v. THE STATE.

PANNELL, Judge. 1. The defendant appeals to this court from the overruling of his motion for new trial after conviction of the offense of manslaughter, because of the death of an occupant of a motor vehicle with which defendant's motor vehicle had collided. Defendant moved to suppress a report of the alcoholic content of his blood taken shortly after the collision at a hospital, where defendant had been carried for treatment, and while he was not under arrest. The grounds were that (1) he had been denied benefit of counsel, (2) had not been advised of his constitutional rights, and (3) he had been tricked into signing his consent thereto. There was no contention or claim that the defendant was not informed of his rights under the Implied Consent Law. Ga. L. 1968, pp. 448, 452 (Code Ann. § 68-1625.1 (c)). The first two grounds of his motion have been decided adversely to defendant in *David v. Pope,* 128 Ga. App. 791 (197 SE2d 861). See also Breithaupt v. Abram, 352 U. S. 432 (77 SC 408, 1 LE2d 448); Schmerber v. California, 384 U. S. 757 (86 SC 1826, 16 LE2d 908). There was no evidence that he was tricked into consenting to the test. On the contrary, he admits he was not tricked. No error appears in the overruling of defendant's motion to suppress, as evidence the results of the test for alcoholic content of his blood.

2. A motion to quash the special presentment charging the defendant with murder was overruled and that ruling is enumerated as error. It appears the district attorney informed the grand jury that the brother of deceased desired to appear before the grand jury and also inform the grand jury that in his opinion, because of his disqualification by reason of relationship to the defendant, he would be unable to assist them in the investigation, etc. of the death of the deceased, and excused himself from the grand jury room. An attempt was made to secure a district attorney pro tem., but this attempt was

unsuccessful. On the afternoon of the same day, the district attorney was informed by the grand jury that they had returned a true bill against the defendant for murder and directed him to prepare a special presentment for them to execute according to detailed instructions, and after receiving the approval of the trial judge for him to do so, the district attorney prepared the special presentment as instructed, including the names of the witnesses appearing before the grand jury. There was no evidence presented on the hearing of the motion showing when the witnesses appeared before the grand jury, whether before or after the district attorney prepared the special presentment. The order of the trial judge overruling the motion had attached thereto a page of the minutes of the grand jury upon which the following appeared "28 — Edward C. Brown, Jr. Murder. Mr. Hugh Patrick, Tpr. [Trooper], C. A. Lewis, True."

In the case of *Switzer v. State,* 7 Ga. App. 7 (65 SE 1079), decided in 1909, when this court consisted of three Judges with no divisions, Chief Judge Hill, the writer of the opinion, discussed the question of the oath to be given witnesses before the grand jury (Code § 59-211, then Code § 834) and in doing so said: "In the opinion of the writer, to swear a witness merely by stating a case against a party for a specified offense, without in fact having the case stated in the form of an indictment or special presentment, would not meet the requirments of the statute." P. 11. However, Judges Russell and Powell, a majority of the court, concurred specially as follows: "We concur in the result, and agree in the main with what has been said in the opinion of the Chief Judge. It is our view, however, that in cases of special presentments, it is not necessary that the grand jury should have before them, at the time the witness is sworn, the physical written presentment. It is sufficient, in our opinion, that there should be a specified charge pending against the person or persons accused and that some definite memorandum of that fact should be before the body, either being entered on the docket kept by them or otherwise. The testimony, upon which the final action of the grand jury, as evidenced by the writing called the presentment, is based, must necessarily be given before that writing can become legally complete; for it is not legally complete until it has been indorsed as a true finding by the grand jurors, or the foreman. In the absence of this indorsement, the writing containing the charge should have no greater efficacy than a memorandum showing that it was the intention of the grand jury

to investigate the specified charge against the designated defendant. When an investigation of this kind is pending, we think that the witness, sworn definitely and specifically in reference to it, and having taken the prescribed oath, is legally sworn; and if he gives false testimony, he is subject to prosecution for perjury. The words 'indictment' and 'presentment,' found in the oath, relate to the inchoate charge, not to the completed pleading. We are confirmed in this view by the fact that for many years presentments charging parties with crime were reported to the court in the general presentments of the grand jury, along with other matters of public interest which had no reference whatever to the commission of crime. The pleadings were thereafter perfected by the drafting of the indictments by the prosecuting attorney, even in the absence of the grand jury."

We agree with the ruling of the majority in that case, and there being no evidence that the minutes of the grand jury were entered after the witnesses were sworn, or that they were not sworn by the foreman of grand jury in accordance with law (Code § 59-210), we must agree with the trial judge, and hold that the motion to quash the indictment for the reasons assigned was properly overruled.

3. Code § 27-1403 provides: "Every person charged with an offense against the laws shall be furnished, on demand, previously to his arraignment, with a copy of the accusation, and a list of the witnesses on whose testimony the charge against him is founded."

Where, as in the present case, there is a motion to rule out the testimony of a witness on the ground his name was not on the list of witnesses on the indictment, nor the list furnished to the defendant by the state on the prior demand at the time of arraignment, and the district attorney states in his place that he did not talk to the witness and did not know that the witness would be a witness in the case or able to testify in the case until the day before the trial, and that he, in compliance with the court's order, called the defendant's attorney and informed him where he talked with the witness and where this witness could be located, there is no error in overruling the motion. *Mitchell v. State,* 226 Ga. 450 (175 SE2d 545); *Butler v. State,* 226 Ga. 56 (4) (172 SE2d 399).

4. The evidence was sufficient to authorize the verdict found, and no error being shown, the judgment is affirmed.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED JUNE 28, 1973 — DECIDED SEPTEMBER 5, 1973 —

REHEARING DENIED SEPTEMBER 25, 1973 — 

*Spivey & Carlton, Milton A. Carlton, W. E. Rountree,* for appellant.

*J. Lane Johnston, District Attorney,* for appellee.