49965. HARMON v. THE STATE.

Webb, Judge.
Edna N. Harmon was indicted, tried and convicted of cruelty to children by maliciously causing her month-old baby cruel and excessive physical and mental pain (Code Ann. § 26-2801), and she now appeals to this court. *Held:*

1. The first enumeration of error was that of "the court's allowing Mrs. Wytol Thomas to testify over

objection" because this person's name was not on the list of witnesses furnished by the state prior to arraignment. The assistant district attorney in response to the objection said, "I state in my place that I did not know about Mrs. Thomas being a witness of this event until today approximately twenty minutes before trial," and that he immediately notified defense counsel. This statement by the prosecuting attorney, and corroborated by the witness herself, was sufficient, and the trial court did not err in allowing her testimony. *Mitchell v. State,* 226 Ga. 450 (3) (175 SE2d 545). Accord: Code Ann. § 27-1403; *Butler v. State,* 226 Ga. 56, 58 (4) (172 SE2d 399); *Butts v. State,* 126 Ga. App. 512, 513 (1) (191 SE2d 329); *Vinson v. State,* 127 Ga. App. 607, 608 (2) (194 SE2d 583); *Elrod v. State,* 128 Ga. App. 250, 251 (2) (196 SE2d 360); *Moye v. State,* 129 Ga. App. 52, 53 (1) (198 SE2d 514); *Brown v. State,* 129 Ga. App. 713, 715 (3) (200 SE2d 924).

2. The second enumeration complains that "the court's ruling denying her the opportunity to probe into the bias and prejudice of Dorothy Harmon was error." The record does not support this enumeration, as defendant's counsel was not probing into the bias and prejudice of the witness but was asking irrelevant questions about defendant's crying a lot. The court limited the cross examination to relevant matters and counsel responded, "I won't continue cross examination." No reversible error appears. *Sheffield v. State,* 124 Ga. App. 295 (1) (183 SE2d 525); *Childers v. State,* 130 Ga. App. 555, 562 (203 SE2d 874); *Waters v. State,* 80 Ga. App. 104 (3) (55 SE2d 677); *Pulliam v. State,* 196 Ga. 782, 787-789 (2-4) (28 SE2d 139); *Jackson v. State,* 225 Ga. 553, 556 (2) (170 SE2d 281).

3. Enumeration of error 3 complains that the evidence was insufficient to support the guilty verdict. We think no useful purpose would be served by detailing the injuries inflicted upon this baby and the direct and circumstantial evidence as to defendant's guilt. Suffice it to say that the evidence authorized the guilty verdict.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

SUBMITTED JANUARY 6, 1975 — DECIDED JANUARY 16, 1975.

722

*Jay Wm. Fitt,* for appellant.
*E. Mullins Whisnant, District Attorney, J. Gray Conger, Assistant District Attorney,* for appellee.