50447. HOBBS v. THE STATE.

BELL, Chief Judge.

Defendant was indicted for two counts of murder. He was acquitted of one, the alleged murder of his wife, but convicted of voluntary manslaughter as to the other count. *Held:*

1. Testimony was admitted over objection that prior to the date of the alleged murder of his wife defendant had struck her. In addition other testimony was admitted without objection showing that the defendant had frequently during his marriage quarreled and cursed his wife. Evidence of a long course of ill-treatment and cruelty by defendant toward his wife is admissible as it bears on the question of motive of the defendant. *Roberts v. State,* 123 Ga. 146 (5) (51 SE 374); *Williams v. State,* 208 Ga. 704 (1) (69 SE2d 199). As it was admissible at the time of trial with respect to the alleged murder of the wife, of which defendant was acquitted, it cannot be held to be error as placing the defendant's character in issue with reference to the other alleged homicide which resulted in a conviction.

2. At trial a deputy sheriff who was called to the scene testified on direct examination that when he arrived at defendant's home the defendant appeared intoxicated, predicated on his observations of slurred speech, nervousness, bloodshot eyes, and red face. On cross examination the court refused to allow the question of whether the witness had previously had occasion to talk to anyone, "that had something bad happen when they

were emotionally shaken."

The right to a thorough and sifting cross examination belongs to every party as to witnesses called against him. Code § 38-1705. The scope of cross examination is not unlimited and rests largely within the discretion of the trial judge and it will not be controlled unless abused. *Clifton v. State,* 187 Ga. 502 (2 SE2d 102). Further, prejudice or harm must be shown by the exclusion of the question asked on cross examination and it is not shown where counsel obtained substantially an answer to the question during later examination. *Geiger v. State,* 129 Ga. App. 488 (199 SE2d 861). With reference to the excluded question counsel stated that he was attempting to determine whether incoherent speech from the witness's experience could also be caused by a shocking event. Accepting counsel's explanation of his motive in asking the question, the error, if any, in excluding the question could not have been harmful as the witness on further cross examination testified that he did not know whether shock may cause impaired speech.

3. There was evidence showing every element of voluntary manslaughter. Code Ann. 26-1102. Therefore, it was not error to charge the jury on voluntary manslaughter and the conviction of that crime was authorized.

4. The other enumerations of error have no merit.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED APRIL 7, 1975 — DECIDED MAY 15, 1975.

*Hoyt L. Bradford,* for appellant.
*Richard Bell, District Attorney, Edward H. Kellogg, Jr., Assistant District Attorney,* for appellee.