## 50813. WESTBROOKS v. THE STATE.

EVANS, Judge.

Defendant was convicted of involuntary manslaughter and sentenced to serve five years. He appeals. *Held:*

1. The defendant allegedly struck and killed the victim, a flagman, on the highway while driving an automobile under the influence of intoxicants. Under the implied consent to chemicals test statute (Code Ann. § 68-1625.1), any person who drives or operates a motor vehicle upon a public road or highway shall be deemed to have given his consent to a chemicals test (blood or

breath) as to the alcoholic content of his blood *if he is lawfully arrested for any offense allegedly committed while driving or operating a vehicle under the influence of intoxicants.* The charge here arose out of the driving of a motor vehicle while under the influence of intoxicants. The court did not err in refusing to exclude the results of the intoximeter test. *Brown v. State,* 129 Ga. App. 713 (1) (200 SE2d 924); *Purvis v. State,* 129 Ga. App. 208 (199 SE2d 366). Aliter when defendant refuses to take the test, which, in that case, it would be error for state to offer testimony that he refused to take the test. *Johnson v. State,* 125 Ga. App. 607, 608 (609(2)) (188 SE2d 416).

2. During the argument to the jury by the assistant district attorney, he stated "Now, I'll admit that the human being [victim] in this case was a Black man, probably didn't have a lot of money, and we don't have his family here today." Objection was made that the argument was highly improper, was not based on any facts, and was simply given to bias and prejudice the jury against the defendant; that the argument was not logical, and that there was no evidence to support it. The court ruled the argument was improper because there was no evidence in regard to the victim's background or what kind of family he had. The assistant district attorney then stated he would withdraw it.

Defendant contends that the court erred in failing to admonish the jury and that he was entitled to a mistrial. There was no motion for mistrial and the objection set forth above is the only objection that was made. No further motion was made nor was there a request that the court admonish counsel for his improper statement. From the colloquy between the court and counsel, the jury well understood that there was no evidence submitted on which to base the argument. No further statement by the court was required under Code § 81-1009; nor was it error to fail to grant a mistrial, especially as there was no motion therefor. We find no reversible error in the manner in which the court corrected the improper argument. *Starr &c. Co. v. York,* 89 Ga. App. 22 (3) (78 SE2d 429).

3. In further argument to the jury, the assistant district attorney stated, "What if a child had darted out

onto the expressway? A person intoxicated ran over them [sic]. That is involuntary manslaughter." Objection was again made on the same grounds as above, and here defendant moved for a mistrial and contended the argument was made to obtain sympathy from the jury. Counsel for defendant also contends the error could not be corrected, as this was the second time in which an improper argument had been made to the jury, by state's counsel.

The court sustained the objection that it was an improper statement, but overruled the motion for a mistrial and rebuked the assistant district attorney *out of the presence of the jury.* When the jury returned, the trial court advised the jury that the court had ruled that the statement made by the assistant district attorney *was an improper statement* and that the assistant district attorney *had been ordered not to make such a statement like that again.* Under these circumstances, no basis for mistrial has been shown, as the extent of rebuke is entirely within the discretion of the court. *Georgia Power Co. v. Puckett,* 181 Ga. 386 (5), 393-395 (182 SE 384); *Domingo v. State,* 213 Ga. 24, 27 (4) (96 SE2d 896); *James v. State,* 215 Ga. 213, 215 (4) (109 SE2d 735); *McCluskey v. American Oil Co.,* 225 Ga. 63, 64-65 (165 SE2d 830).

4. Having considered each enumeration of error and finding no reversible error, the judgment is affirmed.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED JUNE 30, 1975 — DECIDED SEPTEMBER 2, 1975 — REHEARING DENIED SEPTEMBER 24, 1975.

*Paul S. Weiner,* for appellant.
*William H. Ison, District Attorney, Douglas N. Peters, Assistant District Attorney,* for appellee.