## 54038. BRUNDAGE v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of theft by taking of two pieces of machinery. *Held:*

1. The trial court refused to admit into evidence on its own motion, a "bill of sale" for a "bob cat." The document was clearly irrelevant as it pertained to a different "bob cat" than the one alleged to have been stolen. A court may exclude evidence on its own motion that is not relevant, material or competent. *Moody v. Davis,* 10 Ga. 403.

2. The state by its evidence established a prima facie case and it included testimony that one of the items of machinery alleged to have been stolen was commonly described as a "bob cat" which was used to load pulpwood. The defendant testified in his own behalf that he had not stolen any of the items; that at about the time of the theft he and his brother, his business partner, had agreed to purchase a "bob cat" from a third party, Sammie Sanders, which was to be delivered later. He also testified about a work site where he and his brother had been cutting pulpwood and that he did not know how to locate this area; and

that the "bob cat" was delivered to this logging site. After direct and cross examination was completed, the trial judge interrogated the defendant "because I'm confused and maybe the jury is too." Some of the questions asked were: "You mean you don't know how to go out of Eatonton to go to the site where you were cutting?" "And you mean as much as you travel you don't know where it went east and west or north and south?" "And you can't tell this jury any better than that what interstate highway it was?" "Now, I want to go back because I made a ruling here gentlemen, and the testimony as I understand it has been changed. Did you or did you not deliver the money to Sam Sanders?" "I thought you said earlier that you gave the money to Puma, and Puma took it to Sam Sanders? and that your brother brought the bill of sale back and gave it to your mother? Now which is right?"

Defendant's counsel then requested a bench conference and objected to the judge's questions as attacking defendant's credibility. The trial judge then stated that he would cease questioning the defendant. It is urged that the trial judge by the above questions and statements indicated his opinion as to defendant's lack of credibility and thereby violated Code § 81-1104. Collectively, the judge's comments do seem to question the defendant's credibility. The defendant's credibility was a critical issue in the case. We cannot say that the judge's interrogations and comments did not influence the jury adversely to the defendant. The state argues that an instruction given to the jury by the court prior to the calling of witnesses and in its regular charge cured the error. These instructions were to the effect that anything the court said or did during trial was not intended to suggest which party should prevail. An expression of opinion by the court with regard to what had or had not been proved cannot be eradicated by an instruction of this tenor. *Alexander v. State,* 114 Ga. 266 (40 SE 231); *Crawford v. State,* 139 Ga. App. 347 (228 SE2d 371).

*Judgment reversed. McMurray and Smith, JJ., concur.*

ARGUED MAY 23, 1977 — DECIDED JULY 15, 1977.

*John Lee Parrott,* for appellant.

*Joseph H. Briley, District Attorney, Charles D. Newberry, Assistant District Attorney,* for appellee.