## 62936. HENDERSON v. THE STATE.

CARLEY, Judge.

Appellant and two other individuals, Adams and King, were jointly indicted for the burglary of a convenience store. Adams and King were apprehended while still inside the burgled store. Appellant was apprehended shortly thereafter while sitting in Adams' car which had been parked on a road located approximately 100 to 150 yards from the rear of the store. Subsequently, a search of the vehicle was conducted and items identified as having been taken from the store were discovered hidden under the front dash. Appellant and his co-indictees were tried separately. Following the denial of his motion for a new trial, appellant brings this appeal from the judgment of

conviction entered upon the jury verdict.

1. During the trial one of appellant's co-indictees, George Adams, appeared as a witness for the state and presented testimony implicating appellant in the burglary. On cross examination, counsel for appellant asked this witness: "As a matter of fact, Mr. Adams, you had two burglary charges up here in this term of — ?" At this juncture, the state interposed, and the trial judge sustained, on objection on the basis that such question constituted improper impeachment. On appeal, appellant contends that the trial court's ruling abridged his right to a thorough and sifting cross examination of the witness.

If the question posed was an attempt to impeach this witness by showing previous acts of misconduct, the objection was properly sustained. "While a witness may be discredited by proof of general bad character or conviction of a crime involving moral turpitude, it is not competent to discredit him by showing that he has committed, been arrested for, confined for, or even indicted for such an offense. [Cits.] . . . It is necessary to introduce an authenticated copy of the record of the court in which he was convicted. [Cits.]" *McCarty v. State,* 139 Ga. App. 101, 103 (227 SE2d 898) (1976); accord, *Grant v. State,* 142 Ga. App. 606, 607 (236 SE2d 691) (1977).

Subsequent to the ruling complained of, however, counsel for appellant stated that the purpose of this question was to elicit testimony as to any agreement which Mr. Adams may have made with the state in exchange for his testimony. "Evidence of an understanding or agreement as to the future prosecution of an accomplice on whose testimony the case almost entirely depends is relevant to his credibility. The jury is entitled to know of it, the prosecutor has a duty to disclose it, and the failure to make this disclosure violates due process. [Cits.]" *Dudley v. State,* 148 Ga. App. 560 (5) (251 SE2d 815) (1978). Mr. Adams' credibility as a witness was an important issue in this case. To the extent that the sustaining of the state's objection prevented appellant from attacking Mr. Adams' credibility by showing his potential for bias or interest in this matter, the trial court erred.

However, to constitute reversible error, "prejudice or harm must be shown by the exclusion of the question asked on cross examination." *Hobbs v. State,* 134 Ga. App. 850 (2) (216 SE2d 674) (1975). No prejudice is shown and any error is harmless where evidence which has substantially the same effect as that sought to be elicited is susbsequently admitted and placed before the jury for consideration. *Freeman v. State,* 230 Ga. 85 (1) (195 SE2d 416). The record discloses that immediately after counsel for appellant stated his purpose in propounding the question to which objection was

made, the district attorney stated in his place and in the presence of the jury "that the state expects to make a recommendation to this Court in return for [Adams'] testimony." Thus, it is readily apparent that the very circumstances which appellant sought to reveal were placed before the jury for its consideration in determining Mr. Adams' credibility. Furthermore, appellant voluntarily abandoned further inquiry along these lines. For the foregoing reason we find no reversible error due to the trial court's curtailment of appellant's cross examination.

2. During the course of the trial, the state introduced the testimony of Sheriff Strickland who arrived at the scene of the burglary shortly after the apprehension of Adams and King but prior to the arrest of appellant. Over objection of appellant, Sheriff Strickland testified that he overheard co-indictee King state "there was not any one else in the store. That he was down the road on the Golf Course Road in the car down that away. He'd done left." Sheriff Strickland testified that, based upon this declaration, he proceeded to the location described by King and found appellant sitting in the car.

Appellant enumerates as error the admission of this testimony and citing *Hill v. State,* 232 Ga. 800, 802 (1) (209 SE2d 153) (1974) contends that because the criminal enterprise had ended the declaration by King was inadmissible under Code Ann. § 38-306, the co-conspirator exception to the hearsay rule. Assuming, without deciding, that the conspiracy in the instant case terminated when co-conspirator King made the statement and that it was inadmissible under Code Ann. § 38-306 (see *Crowder v. State,* 237 Ga. 141, 153 (227 SE2d 230 (1976)), the declaration complained of and alleged to be hearsay was, in fact, admissible under Code Ann. § 38-302, not as hearsay but as original evidence to explain Sheriff Strickland's conduct in proceeding to the road behind the store and in arresting appellant. *Germany v. State,* 235 Ga. 836, 840 (2) (221 SE2d 817) (1976); *Davis v. State,* 135 Ga. App. 203 (4) (217 SE2d 343) (1975). " '[S]ince the testimony was admissible, though only for a limited purpose, the trial judge did not err in refusing to exclude it completely from evidence.' [Cit.]" *Moore v. State,* 240 Ga. 210, 212 (240 SE2d 68) (1977). When evidence is admitted for one purpose, it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, in the absence of a request to so instruct the jury. See *Harrell v. State,* 241 Ga. 181, 186 (243 SE2d 890) (1978).

"The evidentiary value of testimony admitted under Code Ann. § 38-302 depends not on the credibility of the out-of-court declarant, but on the credibility of the witness on the stand who is reporting the

statement for the purpose of explaining *his conduct*," *Harrell v. State*, 241 Ga. 181, 185, supra. Therefore such testimony is not "a violation of the confrontation rights protected by the Sixth Amendment to the United States Constitution." *Harrell v. State*, supra at 186.

As appellant in the instant case was tried separately from his co-indictees, Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968) and other decisions cited by appellant are inapplicable. Under the facts and circumstances of the instant case, we find no reversible error in the admission of the challenged testimony for any reasons urged on appeal. Accordingly, this enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 9, 1982.

*John R. Thigpen, Sr.*, for appellant.
*C. Deen Strickland*, District Attorney, *Richard E. Currie*, Assistant District Attorney, for appellee.