### 72523. NEWSOME v. THE STATE.
(348 SE2d 759)

SOGNIER, Judge.

Appellant was convicted of child molestation and appeals.

1. Appellant contends the evidence is not sufficient to support the verdict. The thirteen-year-old victim testified that appellant entered her home while her parents were away. The victim was in her mother's bedroom; appellant came into the bedroom, pulled down the victim's shorts and attempted to have sexual intercourse with her. Appellant made a statement to the police admitting that he sexually molested the victim, although at trial appellant denied making the statement and denied molesting the victim.

The only issue in this case was the credibility of witnesses, which is a question for the jury. *Bryant v. State*, 174 Ga. App. 468 (1) (330 SE2d 406) (1985). We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The victim's mother testified that appellant's wife told the mother that this was not the first time appellant had molested the victim. Appellant's objection to this testimony was sustained. Appellant now contends it was error not to instruct the jury thereafter to disregard such testimony. However, appellant made no request for curative instructions after his objection was sustained. Thus, there was no error. See *Bloodworth v. State*, 173 Ga. App. 688, 689 (2) (327 SE2d 756) (1985).

3. Appellant contends error in the admission of his confession into evidence, over objection, without first giving him an opportunity to cross-examine the witnesses as to the voluntariness of the confession. This enumeration of error is without merit.

A *Jackson-Denno* hearing (*Jackson v. Denno*, 378 U. S. 368 (84

SC 1774, 12 LE2d 908)) on the voluntariness of appellant's confession was held prior to trial, and appellant thoroughly cross-examined the police officer who had taken the statement as well as a detective who was present when appellant made his statement. Evidence at the hearing established that appellant was fully advised of his rights; understood his rights; did not desire an attorney; signed a waiver of rights form; and made a completely voluntary statement to the police. Such evidence was unrefuted, and appellant's only comment at the conclusion of the evidence was that because appellant was a man of limited education the State did not carry its burden of showing voluntariness, and thus, "[w]e think it should be excluded from the Jury's consideration." When the statement was offered into evidence at trial, appellant stated that "as to Exhibit Number 2 [the confession] we'd like to ask some questions before it's admitted." Treating this as an objection, the court overruled the objection and admitted appellant's statement into evidence. Thereafter, appellant conducted a full cross-examination of the officer who took the statement.

We find no error in admitting the statement into evidence. As stated previously, appellant was advised fully of his rights and his statement was completely voluntary. The fact that appellant's ability to read and write was limited does not make his confession inadmissible. See *Williams v. State*, 238 Ga. 298, 301-303 (1) (232 SE2d 535) (1977); *Hurt v. State*, 239 Ga. 665, 669 (2) (238 SE2d 542) (1977); *Miller v. State*, 155 Ga. App. 587 (1) (271 SE2d 719) (1980). The question of whether or not appellant was capable or incapable of making a knowing and intelligent waiver of his rights is to be answered by the trial judge and will be accepted by an appellate court unless clearly erroneous. *Marshall v. State*, 248 Ga. 227, 229 (3 (1)) (282 SE2d 301) (1981). We find no error here. Since appellant was allowed full cross-examination of the witnesses at the *Jackson-Denno* hearing, and again after the statement was introduced at trial, we find no error.

4. The basis of appellant's motion for a new trial was the same as set forth in his enumerations of error. Hence, it was not error to deny his motion for a new trial.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 9, 1986.

*Thomas L. Kirbo III*, for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney*, for appellee.