73682. TAYLOR v. THE STATE.
(358 SE2d 845)

BANKE, Presiding Judge.

The appellant appeals his conviction of child molestation.

1. The appellant contends the evidence was insufficient to support the jury's verdict. " '[W]here the defendant seeks a reversal of his conviction on appeal by . . . asserting the insufficiency of the evidence, the only question presenting itself to the appellate court is whether there is sufficient evidence to satisfy a rational trier of fact of the essential elements of the crime charged beyond reasonable doubt.' " *Castillo v. State*, 178 Ga. App. 312 (2) (342 SE2d 782)

(1986), citing *Hudgins v. State*, 159 Ga. App. 723, 724 (285 SE2d 73) (1981). From the evidence adduced at the trial of the present case, we conclude that a rational trier of fact could have found the appellant guilty of child molestation beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. It is asserted that the trial court erred in finding the 7-year-old victim competent to testify. In a hearing held outside the presence of the jury, the victim promised to tell the truth and testified that she knew the meaning of a promise to tell the truth. She further testified that she knew the difference between the truth and a lie, that she knew she could be punished if she lied, and that, even if no one found out, she could "go to the devil" for telling a lie. Based on this testimony, the trial court did not abuse its discretion in finding the child competent to testify. Accord *Chadwick v. State*, 176 Ga. App. 296, 298 (3) (335 SE2d 674) (1985), aff'd 255 Ga. 376 (339 SE2d 717) (1986); *McCrary v. State*, 176 Ga. App. 683 (1) (337 SE2d 442) (1985); *Jordan v. State*, 172 Ga. App. 96 (1) (322 SE2d 106) (1984).

3. Pursuant to OCGA § 17-7-210, the appellant's counsel filed a pre-trial request for a copy of any statements the appellant had made to police while in custody, and the state responded by producing a written memorandum of a confession purportedly made by him. At trial, two GBI agents offered testimony regarding the contents of the alleged oral confession. The appellant contends that the agents attributed certain statements to him during the course of their testimony which were not included in the memorandum previously furnished to him and that the admission of these portions of the agents' testimony constituted reversible error.

The only oral statement the GBI agents attributed to the appellant which was not included in the written version provided to him was a comment to the effect that the victim's pants kept "popping open" while she was sitting on his lap. However, the appellant himself testified at trial that the victim's pants repeatedly "popped open" while she was sitting on his lap. Accordingly, the admission of the agents' testimony on this point must be considered harmless. See generally *Fields v. State*, 180 Ga. App. 771 (1) (350 SE2d 488) (1986).

4. The trial court did not err in allowing the victim's mother to relate certain statements the victim had made to her following the incident. See *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985).

5. On cross-examination of the victim's mother, the appellant's counsel attempted to establish that the mother had consulted with an attorney about the possibility of limiting her former husband's visitation with the victim and the victim's brother. The trial court's exclusion of this evidence as irrelevant is enumerated as error on appeal. We agree with the trial court that any custody disputes between the parents of the victim had nothing to do with whether the appellant,

who was unrelated to the victim, had molested the child. The trial court did not err in restricting cross-examination to relevant matters. See generally *Harmon v. State*, 133 Ga. App. 720, 721 (2) (213 SE2d 23) (1975).

6. The appellant enumerates as error the admission of his confession into evidence. From the evidence adduced at the *Jackson v. Denno* hearing (*Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964)), the trial court was authorized to find that the appellant was fully advised of his *Miranda* rights, that he knowingly and intelligently waived those rights, and that he voluntarily made the statements attributed to him. Accord *Newsome v. State*, 180 Ga. App. 243 (3) (348 SE2d 759) (1986). Consequently, the admission of the confession was not error.

7. The trial court did not err in excluding evidence purporting to show that the victim had made certain statements to investigators concerning a prior act of molestation allegedly committed against her by a different individual. "The past sexual experience of a child in a case such as this is irrelevant to the issue of whether molestation was committed by the defendant on trial." *Chastain v. State*, 180 Ga. App. 312 (2) (349 SE2d 6) (1986).

8. In closing argument, the appellant's counsel attacked the credibility of the testimony given by the GBI agents, arguing that the agents had fabricated portions of the alleged confession and had tricked the appellant into making certain statements which appeared to be admissions of guilt. In his subsequent closing argument, the state's attorney was allowed to argue that it is the job of GBI agents to investigate crimes and that they have no "bone to pick" or "ax to grind." For unspecified reasons, the appellant contends on appeal that these comments were improper and that the trial court erred in overruling his objection to them. We conclude that the comments constituted a fair response to the argument of the appellant's counsel. The state's attorney "'[is] entitled to emphasize the evidence favorable to [the state], to discuss and draw inferences from factual matters in evidence relating to the credibility of witnesses, and to respond to points made in — and issues omitted from — the defendant's closing argument.' [Cits.] No more than that occurred here." *Ingram v. State*, 253 Ga. 622, 634 (8) (323 SE2d 801) (1984).

9. The appellant asserts that the trial court erred in permitting the state's attorney to speculate to the jury in closing argument on how the victim's physical condition immediately after the incident might have been evaluated by a physician. Because the state offered no medical evidence regarding the child's physical condition, the appellant's counsel had argued to the jury that it was reasonable to infer that such medical evidence would have tended to show that no molestation had occurred. The state's attorney responded by arguing that

where, as in this case, the alleged molestation consists only of fondling, there would be no physical evidence and no reason for a doctor to testify as to the victim's physical condition. We hold that such an argument was fully authorized under the circumstances. See generally *Ingram v. State*, supra at 634 (8).

10. The state's attorney should not, however, have been allowed to argue to the jury that if they read the newspaper they would know that "sometimes children are molested in the same bed with their mother and won't tell their mother." Even if true, this cannot be considered a matter of such common knowledge as to permit it to be argued to the jury without any evidentiary foundation. However, since the undisputed evidence was to the effect that the victim had not attempted to conceal the molestation but had instead reported it promptly to her aunt and mother, we do not believe the trial court's refusal to take corrective action in response to the appellant's objection to the statement can be considered ground for a new trial. Rather, in the context of the issues being tried and in view of the substantial evidence of the appellant's guilt, we conclude that it is "highly probable" that the improper argument did not contribute to the verdict. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

11. The appellant further contends that the closing argument of the state's attorney, considered as a whole, was so infected with misconduct as to deny him a fair trial. "Because this state does not recognize the concept of 'cumulative error,' it is incumbent upon the defendant to show error with regard to each point he raises. [Cits.]" *Campbell v. State*, 181 Ga. App. 1, 3 (2) (351 SE2d 209) (1986). Of the incidents cited by the appellant in support of this enumeration, only one prompted an objection and will be reviewed by this court, the remaining having been waived by the appellant's failure to raise them at trial. See *Wright v. State*, 255 Ga. 109, 112 (4) (335 SE2d 857) (1985). The one reviewable incident concerns the argument of the state's attorney that, if certain witnesses had anything to say that would have been beneficial to the appellant, the appellant would have called them to testify. This argument was not improper. See *Wilson v. Zant*, 249 Ga. 373, 384 (4) (290 SE2d 442) (1982).

12. Several of the appellant's enumerations of error relate to the trial court's charge on the issue of venue. The jury was not obligated to believe the appellant's evidence that the offense could not have taken place in Baldwin County but could have been left in doubt as to in which of several counties the offense was committed. The charge on OCGA § 17-2-2 (e) was therefore correct. *Adsitt v. State*, 248 Ga. 237, 239 (3) (282 SE2d 305) (1981); *Bundren v. State*, 247 Ga. 180 (1) (274 SE2d 455) (1981). Moreover, contrary to the appellant's assertion, the trial court did instruct the jury that venue must be proven

beyond a reasonable doubt. See generally *Toland v. State*, 115 Ga. App. 786 (156 SE2d 215) (1967). These enumerations of error are without merit.

13. The appellant contends that the trial court erred in refusing to grant his motion for mistrial after the court attacked the credibility of a defense character witness by conducting its own questioning of the witness. The witness had previously testified on cross-examination by the state that he would not believe the testimony of a GBI agent that the appellant had confessed to molesting the victim "ahead of" the appellant's testimony to the contrary. The trial court then asked the witness a series of questions seeking to determine why he would "not believe a GBI agent," to which the witness responded by explaining that he would believe the appellant over any person he did not know, even a GBI agent.

While we must agree that the trial court should not have engaged in questioning of this tenor, we hold that any harm the appellant may have suffered as a result of it was eliminated by the judge's admonition to the jury in his final charge to disregard any questions he might have asked any witness which might have been understood as intimating or expressing any opinion prejudicial to the appellant. The case of *Brundage v. State*, 143 Ga. App. 1 (2) (237 SE2d 473) (1977), relied on by the appellant, is distinguishable in that there the trial judge did not merely question a character witness but cross-examined the defendant himself, pointing out inconsistencies and weaknesses in his testimony and thereby clearly intimating that he did not believe his testimony to be credible.

14. Venue was a contested issue at trial; and the appellant, in an attempt to show that the offense could not have taken place in the county where alleged, sought to introduce into evidence a map of the State of Georgia, purportedly showing the boundaries and locations of the state's cities and counties. The trial court's exclusion of this map is enumerated as error.

Assuming without deciding that the map was relevant for the reason asserted, it would still, "of course, [be] error to admit in evidence a map which is not authenticated or proved correct. . . ." *Parker v. Smith*, 66 Ga. App. 567, 570 (2) (18 SE2d 559) (1942). Here, the only authentication attempted was in the form of a witness' testimony that the map was "more or less an accurate representation . . . as far as [he could] tell. . . ." We hold that this testimony was insufficient to constitute proof of the correctness of the map. Cf. *Mickle v. Moore*, 188 Ga. 444, 447 (3) (4 SE2d 217) (1939). See *Georgia Power Co. v. Green*, 207 Ga. 250, 252 (1) (61 SE2d 146) (1950). Consequently, we conclude that the trial court did not err in excluding the document.

*Judgment affirmed. Benham, J., concurs. Carley, J., concurs in*

*judgment and in all divisions except Division 10.*

DECIDED MAY 28, 1987 —
REHEARING DENIED JUNE 17, 1987 — 

*Milton F. Gardner, Jr.*, for appellant.
*Joseph H. Briley, District Attorney, Alberto C. Martinez, Jr.,*
*Assistant District Attorney*, for appellee.