## A89A2336. KING v. THE STATE.
### (391 SE2d 769)

CARLEY, Chief Judge.

Appellant shot one of his two roommates and was indicted for aggravated assault. He was brought to trial before a jury and testified that he had fired the shot in self-defense. Appellant was found guilty and he appeals from the judgment of conviction and sentence that was entered by the trial court on the jury's verdict.

1. At the time of trial, the victim was incarcerated for an alleged drug violation. The State made a pre-trial motion in limine to preclude the victim's status as an arrestee from being used for impeachment purposes. The trial court granted the motion, holding that only certified copies of the victim's prior convictions would constitute admissible impeachment evidence. This evidentiary ruling is enumerated as error.

The record shows that the State's motion was directed solely toward preclusion of the use of the victim's arrest for general impeachment purposes. At no point did appellant suggest that it was not merely the victim's arrest but, rather, the possibility that the victim had made a specific "deal" for his testimony against appellant that would be the topic to be pursued for impeachment purposes. Compare *Hines v. State*, 249 Ga. 257 (2) (290 SE2d 911) (1982); *Henderson v. State*, 161 Ga. App. 211, 212 (1) (288 SE2d 284) (1982). In granting the motion, the trial court merely ruled that evidence as to the victim's arrest, as opposed to certified copies of his prior convictions, would not be admissible for general impeachment purposes. Accordingly, there is nothing in the record to support the assertion that the trial court's grant of the motion erroneously served to preclude appellant from cross-examining the victim as to the possible existence of a specific "deal" for his trial testimony. Compare *Hines v. State*, supra; *Henderson v. State*, supra. In ruling that the victim's status as a mere arrestee would not be admissible for general impeachment purposes, the trial court did not err. "While a witness may be discredited by proof of general bad character or conviction of a crime involving moral turpitude, it is not competent to discredit him by showing that he has committed, been arrested for, confined for, or even indicted for such an offense. [Cits.] . . . It is necessary to introduce an authenticated copy of the record of the court in which he was convicted. [Cits.]" *McCarty v. State*, 139 Ga. App. 101, 103 (227 SE2d 898) (1976).

2. The trial court refused to allow appellant to cross-examine the State's witnesses as to their knowledge of the victim's use of drugs on occasions other than the night in question. This ruling is enumerated as error.

It is urged that such knowledge on the part of the State's wit-

nesses would be relevant evidence which would support appellant's claim that he had acted in self-defense. However, the fact that *others* may have known of the victim's prior use of drugs would in no way be relevant and probative evidence either of the victim's general reputation for violence or of the reasonableness of appellant's own personal belief that use of deadly force was necessary in order to defend himself on the specific night in question. See *Wood v. State*, 258 Ga. 598, 599 (3) (373 SE2d 183) (1988). There was no error.

3. The trial court's refusal to allow witnesses to be examined as to their knowledge of the existence of prior difficulties between appellant and the third roommate is enumerated as error.

We are cited no instance wherein appellant was ever denied the opportunity to pursue this topic. However, even assuming that the record did show such an occurrence, there was no error. The existence of prior difficulties between appellant and the third roommate obviously has no relevancy whatsoever to the determination of whether appellant had committed an aggravated assault or had acted in self-defense when he shot the victim.

4. On cross-examination of a State's witness, appellant attempted to elicit an opinion as to whether the victim had been under the influence of cocaine on the night in question. The trial court ruled that the witness could testify to his observations but could not testify to his opinion that the victim was under the influence of cocaine. This evidentiary ruling is enumerated as error.

Assuming without deciding that the trial court did err (see *Lawrence v. State*, 157 Ga. App. 264 (277 SE2d 60) (1981)), the record nevertheless shows that, prior to the trial court's ruling, appellant had already elicited the witness' opinion that the victim was "under the effect" of drugs because he "had been messing with" cocaine on the night in question. The record also shows that, after the trial court's ruling, appellant elicited the witness' further opinion that the victim had been "high." Thus, the trial court's intervening ruling merely precluded the witness from stating his opinion on three, rather than two, separate occasions. If error at all, this exclusion of what clearly would have been cumulative testimony was certainly harmless. *Pope v. State*, 178 Ga. App. 148 (1) (342 SE2d 330) (1986).

5. The trial court did not err in refusing to order the State to conduct a search to determine whether the victim had prior convictions and, if he did, to provide appellant with the relevant information. *Hines v. State*, supra at 258 (1).

6. In response to the trial court's inquiry concerning exceptions to the charge, appellant's counsel merely responded that she had none. Accordingly, the right to enumerate error in the charge was waived. *White v. State*, 243 Ga. 250 (253 SE2d 694) (1979).

7. Appellant's remaining enumeration of error is predicated upon

the asserted erroneous "cumulative effect" of the trial court's evidentiary rulings. This enumeration of error presents nothing for review. *Firestone Tire &c. Co. v. Pinyan*, 155 Ga. App. 343, 352 (9) (270 SE2d 883) (1980). *Taylor v. State*, 183 Ga. App. 314, 317 (11) (358 SE2d 845) (1987).

*Judgment affirmed. McMurray, P. J., Birdsong, Sognier, Pope and Cooper, JJ., concur. Deen, P. J., Banke, P. J., and Beasley, J., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent with respect to Division 1. The curtailment of cross-examination of the victim-witness about his current incarceration, which cross-examination was sought to unearth any motive of self-interest which might skew the manner of the witness' testimony, violated the Sixth Amendment. The situation here is similar to that which was presented in *Hines v. State*, 249 Ga. 257, 258 (2) (290 SE2d 911) (1982). Defendant sought to undermine the witness' credibility by showing a bias to gain favor with the State because of his current predicament. He was not to be limited in this effort by proof of a prior conviction which, it is true, would have been a general attack on his credibility. Id.

The majority views the positions taken by each party and the court's ruling too narrowly. Two subjects were at issue at the beginning of the trial.

Defense counsel noted that she had asked the State earlier for copies of criminal records of witnesses including defendant and that she had learned that Patman was incarcerated and had a criminal record with involvement in drugs. The court asked if the State had anything impeaching, to which the State complained that it had only recently received the defendant's motion to compel the criminal records and was not obligated to seek out criminal history of witnesses, correctly relying on *Hines*, supra at 258 (1).

The district attorney also stated that he had learned that Patman was in jail on a drug charge. He moved in limine "that defense counsel be permitted to impeach Mr. Patman only through the authorized methods of impeachment, and as far as a criminal history is concerned, that would be a certified copy of a felony conviction, that she be not allowed to inquire into his custody at this time, either in the Gwinnett County Jail or Fulton County Jail, or that drug arrest." The court ruled that the State was not compelled to obtain and provide criminal history, and that only a certified copy of conviction could be used to impeach a witness. It granted the motion in limine, precluding evidence that Patman had been arrested and was in jail because it was "not relevant." It explained that only certified copies of convictions could "impeach his credibility."

When defense counsel cross-examined Patman as to where he currently lived, the State's objection was sustained. When he was recalled, the court cautioned defense counsel not to elicit evidence that he was in jail or that he was in custody on a drug charge.

Thus, the court cut off the inquiry which might have shown that the witness was "shading his testimony in an effort to please the prosecution." *Hines*, supra at 260 (2). As distinguished in *Hines*, this was unrelated to the use of a prior conviction as a general attack on credibility and was an effort to launch "a more particular attack" by the showing of partiality. In addition to the Sixth Amendment's contravention, OCGA § 24-9-64's "right of a thorough and sifting cross-examination" was violated, as appellant points out.

I am authorized to state that Presiding Judge Deen and Presiding Judge Banke join in this dissent.

DECIDED FEBRUARY 7, 1990 —
REHEARING DENIED MARCH 8, 1990 —

*Lenzer & Lenzer, Robert W. Lenzer, Mary A. Sheppard*, for appellant.

*Thomas C. Lawler III, District Attorney, Scott A. Smeal, Debra K. Turner, Assistant District Attorneys*, for appellee.