A90A2147. HOOVER v. THE STATE.
A90A2148. HALL v. THE STATE.
(402 SE2d 92)

CARLEY, Judge.

After their arrest at a protest against abortion, appellants were tried before a jury and found guilty of obstruction of a public passage in violation of OCGA § 16-11-43 and unlawful assembly in violation of OCGA § 16-11-33 (1). The trial court held that there was a merger of the latter crime into the former crime, and a judgment of conviction and sentence only for obstruction of public passage was accordingly entered against each appellant. Appellants filed separate notices of appeal, but they assert identical enumerations of error. The two appeals are hereby consolidated for appellate disposition in this single opinion.

1. Appellants enumerate the general grounds as to their convictions for obstruction of a public passage.

The evidence, when construed most favorably for the State, was sufficient to authorize a rational trier of fact to find appellants guilty of obstruction of a public passage beyond a reasonable doubt. *McMonagle v. State*, 196 Ga. App. 300 (1) (395 SE2d 821) (1990). Compare *Kerr v. State*, 193 Ga. App. 165, 168 (5) (387 SE2d 355) (1989) (holding that the evidence therein would not authorize a conviction under the specific allegations of an accusation which had charged the defendant with unlawful assembly in violation of OCGA § 16-11-33 (1)). The evidence in the instant cases showed that, without authority of law, appellants did purposely or recklessly obstruct a public passage in such a way as to render it impassable without unreasonable inconvenience or hazard and then failed to remove the obstacle after receiving a reasonable official request or order of a peace officer to do so. This evidence authorized appellants' convictions for obstructing the public passage in violation of OCGA § 16-11-43. What appellants ultimately intended to achieve by so doing is irrelevant to their guilt.

2. Appellants contend that the evidence was insufficient to authorize their convictions for unlawful assembly in violation of OCGA § 16-11-33 (1). Error, if any, has been rendered harmless by virtue of the trial court's holding that, under the principle of merger, only judgments of conviction and sentences for violation of OCGA § 16-11-43 should be entered. *Glisson v. State*, 181 Ga. App. 585 (1) (353 SE2d 202) (1987).

3. Appellants enumerate as error the trial court's denial of their motions for new trial on the ground of improper argument by counsel for the State.

"Of the incidents cited by the appellant[s] in support of this enumeration, only one prompted an objection and [was preserved for review] by this court, the remaining having been waived by . . . failure to raise them at trial. [Cit.]" *Taylor v. State*, 183 Ga. App. 314, 317 (11) (358 SE2d 845) (1987). The one objection to the argument of counsel for the State that was raised below is not, however, that which has been raised on appeal. "Grounds which may be considered on motion for new trial or on appeal are limited to those which were raised at trial. [Cits.] As the issue argued on appeal was not raised before the trial court, this enumeration of error presents no question for consideration on appeal." *Proffitt v. State*, 181 Ga. App. 564, 566 (2) (353 SE2d 61) (1987).

4. The trial court's exclusion of evidence which was purportedly relevant to appellants' defense of justification is enumerated as error.

Appellants' personal conviction that no abortion should be lawful is irrelevant to the defense of justification under OCGA § 16-3-21. To constitute justification under that statute, the defendants must be acting in response to another's "imminent use of unlawful force." A lawful abortion conducted in compliance with OCGA § 16-12-141 would not constitute "imminent use of *unlawful* force."

Appellants contend that, even if their actions were not justified under the specific provisions of OCGA § 16-3-21, they were nevertheless entitled to assert the defense of justification under the more general provisions of OCGA § 16-3-20 (6). Under that provision, the defense of justification can be claimed "[i]n all other instances which stand upon the same footing of reason and justice as those enumerated in this [A]rticle [2 of Chapter 3 of Title 16]." However, it has been held that, in order to "stand upon the same footing of reason and justice," a defense of justification under OCGA § 16-3-20 (6) would still have to be premised upon the asserted prevention of "imminent use of unlawful force." *Henderson v. State*, 136 Ga. App. 490, 492-493 (1) (221 SE2d 633) (1975). As discussed above, appellants' defense of justification is not so premised.

It follows that appellants were not precluded from producing evidence of a *viable* defense of justification. Appellants are certainly entitled to exercise their constitutionally protected rights of free speech and peaceable assembly in order to protest the lawfulness of abortions, but, in doing so, they are not otherwise "justified" in violating such of this State's criminal laws as proscribe the obstruction of a public passage.

*Judgments affirmed. Sognier, C. J., and McMurray, P. J., concur.*

Decided February 4, 1991.

Jones, Day, Reavis & Pogue, R. Matthew Martin, for appellants.
James L. Webb, Solicitor, R. Lee O'Brien, Jr., Helen A. Roan, Assistant Solicitors, for appellee.