## 64867. SHOEMAKER v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of loitering and prowling. On appeal he contends the trial court erred (1) by denying his motion for a directed verdict of acquittal; (2) by allowing a police officer to testify about statements made by appellant before he was advised of his rights; and (3) by allowing the loitering and prowling statute to be applied to

appellant.

The evidence disclosed that about 2:30 a.m. a police officer observed a car occupied by one person (the driver) in the parking lot of an office complex. None of the offices or businesses were open at the time. Two men ran out of a recessed entranceway to one of the buildings, got in the car, and drove away. The police officer stopped the car a short distance away. Appellant was a passenger in the car and on inquiry by the policeman as to what they were doing in the office complex the driver, appellant and another passenger told the policeman they were looking for a security guard who had raped the girl friend of the second passenger.

1. OCGA § 16-11-36 (a) (formerly Code Ann. § 26-2616) provides: "A person commits the offense of loitering or prowling when he is in a place at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." Subsection (b) of the same statute provides that among the circumstances which may be considered in determining whether alarm is warranted is the fact that the persons take flight upon the appearance of a law enforcement officer.

It is clear that appellant's conduct falls within the definition of loitering and prowling, and his actions in running from an entranceway upon arrival of the police officer and departing in a car warrant alarm for the safety of the property. Further, the police officer testified that he was patrolling this area because there had been several burglaries in the office complex where the offense occurred. A trial court's refusal to grant a directed verdict of acquittal is error only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law. *Sims v. State,* 242 Ga. 256, 257 (1-3) (248 SE2d 651) (1978). The evidence in the instant case did not demand a verdict of acquittal as a matter of law. Hence, it was not error to deny appellant's motion.

2. The police officer testified that when he stopped the car in which appellant was a passenger he obtained the identification of the occupants of the car. The officer then asked the driver of the car what he had been doing in the office complex. The driver and both passengers responded almost simultaneously that they were looking for the security guard who allegedly raped a girl. Appellant contends that it was error to allow such testimony because none of the three men in the car had been advised of their Miranda rights (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966)).

The police officer asked no questions of appellant and the other passenger, but asked Sicard, *the driver,* what he had been doing in the office complex. Thus, any responses by appellant and the other

passenger were not the result of police questioning but were spontaneous declarations, and as such were admissible. *Tucker v. State,* 237 Ga. 777 (2) (229 SE2d 617) (1976), non-custodial statements; *Allums v. State,* 161 Ga. App. 842, 846 (5) (288 SE2d 783) (1982), in-custody statements. Hence, it was not error to allow the officer to testify as to statements made by appellant and the other passenger.

As to Sicard, the driver, there appears to be no question that the police officer suspected Sicard of prowling and should have advised him of his Miranda rights before questioning him. However, any error in allowing the officer's testimony was harmless, because Sicard appeared as a state witness, was subject to cross-examination, and testified to the same facts as the officer, i.e., that the three men were in the office complex looking for the security guard. *Garvin v. State,* 144 Ga. App. 396, 397 (1) (240 SE2d 925) (1977); *Robinson v. State,* 229 Ga. 14, 16 (1) (189 SE2d 53) (1972).

3. Appellant contends that the trial court erred in allowing the Prowling Statute to be applied to him.

OCGA § 16-11-36 (b) (Code Ann. § 26-2616) provides, in pertinent part: ". . . a law enforcement officer shall, prior to any arrest for an offense under this Code section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting the person to identify himself and explain his presence and conduct." Appellant argues that this section was used to deprive him of his constitutional right to remain silent.

We need not decide whether the statute in this case was used to deprive appellant of his right to remain silent in violation of Miranda, supra. As we indicated in Division 2 of this decision, no questions were addressed directly to appellant and his statements were spontaneous declarations. Thus, appellant's argument that the statute was used to deprive him of his constitutional rights is without merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 14, 1983.

*Jesse Cleveland,* for appellant.
*Hinson McAuliffe, Solicitor, Paul C. McCommon III, Assistant Solicitor,* for appellee.