70365. DeLOACH v. THE STATE.
(334 SE2d 35)

BIRDSONG, Presiding Judge.

Timothy Wayne DeLoach was convicted by jury of theft of an auto and sentenced to serve fifteen years. He brings this appeal enumerating two related errors pertaining to the admission of inculpatory statements. *Held*:

The facts giving rise to the two enumerations of error in this case show that DeLoach made surreptitious plans to take an auto from the lot of a used car dealer ostensibly for the purpose of having it checked by a mechanic before negotiating its purchase. When the car was not brought back to the seller, it was reported stolen. DeLoach was apprehended in St. Augustine, Florida, for suspected drunk driving. When he could not produce a valid driver's license or car registration, an identification number check was placed on the car, and it was determined to have been reported as stolen from a used car dealer in Savannah. DeLoach was then placed under arrest for grand theft-auto and being without a valid license.

Two days later, he was interrogated by a Florida deputy sheriff and after appropriate *Miranda* warnings, he orally stated how he had removed the car from the car lot and did not bring it back. He then reduced that statement to writing in his own hand. DeLoach contended that he was persuaded to give this statement in exchange for the dropping of all the charges in Florida and because he was mentally coerced by the size of the officer and the jailhouse surroundings. The officer gave a diametrically opposed version of the taking of the

statement. The day after the Florida statement was made, DeLoach was returned to Savannah. A Savannah police officer fully and properly warned DeLoach once again of his *Miranda* rights. At this time, DeLoach declined to give a statement. He was then taken by this officer before a magistrate for arraignment and setting of bond. When arriving at the chambers of the magistrate, DeLoach encountered an attorney whom he knew from the past and as DeLoach phrased it, the attorney, as a favor to DeLoach, accompanied DeLoach into the judge's chambers where the arraignment and bond hearing was held. After the charges were read and the plea entered, bond was set at $10,000. DeLoach was asked by the judge if he had any question or wished to discuss the bond. DeLoach in the presence of the officer who accompanied him to the preliminary hearing and the attorney who had accompanied DeLoach into the judge's chambers, blurted out that he had purchased the car from a friend for $800 but knew it probably was stolen. No *Miranda* warnings were given by anyone while DeLoach was in the judge's chambers.

(a) DeLoach argues that the statement given in Florida was not shown by the state to be voluntary and indeed was coerced by a promise of reward and the intimidating circumstances attendant at the time the statement was given.

We find this enumeration to be wholly without merit. The testimony of the officer completely contradicts the version given by DeLoach. DeLoach argued that the statement was given the same day of his arrest while he was still under the influence of an intoxicant and was induced by a promise of reward. The testimony of the state's witness shows that DeLoach was arrested two days before the interrogation took place; that DeLoach was not under the influence of any substance; and that no promises had been made. The trial judge's determination of voluntariness and admissibility, although based upon conflicting evidence, was supported by a preponderance of credible evidence as required (*High v. State*, 233 Ga. 153 (210 SE2d 673)) and its admission was not error. *Phillips v. State*, 238 Ga. 497, 498 (233 SE2d 758).

(b) While the same rule of admissibility based upon disputed evidence also would apply to the second admission made before the examining magistrate, we base our decision as to the second statement upon a different foundation. The evidence before the trial court showed that DeLoach appeared before the magistrate with an attorney of his own choosing, a lawyer who went with DeLoach as a favor to DeLoach. DeLoach had received a full and fair *Miranda* warning shortly before his appearance with his attorney in the judge's chambers. This was at least the second warning he had received within a matter of a few days. DeLoach was asked if he had anything to say about the bond that had been set. Instead of responding to the ques-

tion asked about bond, DeLoach made an incriminating admission. There is no merit to a claim of lack of voluntariness predicated upon the failure to give a *Miranda* warning where the incriminating admission was spontaneous and unsolicited. *Williams v. State*, 239 Ga. 12, 14 (235 SE2d 504). See also *Anglin v. State*, 244 Ga. 1, 3 (2) (257 SE2d 513) as to the sufficiency of earlier warnings of the right to remain silent. There is no merit in the complaint that the second admission was admitted improperly.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs specially.*

CARLEY, Judge, concurring specially.

I completely agree with the judgment of the majority affirming appellant's conviction and I join the majority's analysis with regard to the statement given in Florida as discussed in Division (a) of the majority opinion. With regard to the statement given before the magistrate as discussed in Division (b), I believe that it is necessary that we make an analysis based upon *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981) and *Oregon v. Bradshaw*, ___ U. S. ___ (103 SC 2830, 77 LE2d 405) (1983). However, after the principles of *Edwards* and *Bradshaw* are applied to the facts of this case, it is clear that the second statement was admissible.

DECIDED SEPTEMBER 3, 1985.

Timothy W. DeLoach, *pro se.*
*Charles C. Grile,* for appellant.
*Spencer Lawton, Jr., District Attorney, M. Kay Jackson, David T. Lock, Assistant District Attorneys,* for appellee.