## S90A1677. CARMICHAEL v. THE STATE.
### (399 SE2d 918)

WELTNER, Justice.

Roderick Carmichael shot and killed Larry Thompson, Jr., with a handgun. He was convicted by a jury of felony murder and armed robbery, and was sentenced to life imprisonment and a concurrent term of years.[1]

The evidence indicates that Carmichael entered an apartment, fought with Thompson, shot him fatally in the head, ransacked the apartment and searched the victim's clothing, took his money, and fled.

1. From the evidence, a rational trier of fact could have found Carmichael guilty of felony murder and armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. (a) (i) Carmichael contends that it was reversible error to prevent his cross-examining the state's main witness, Tyrone Gould, as to Gould's current condition of incarceration. He contends it is relevant to show that Gould might have altered his testimony in an effort to please the state.

(ii) In *King v. State*, 194 Ga. App. 770 (1) (391 SE2d 769) (1990), it was stated:

"While a witness may be discredited by proof of general bad character or conviction of a crime involving moral turpitude, it is not competent to discredit him by showing that he has committed, been arrested for, confined for, or even indicted for such an offense. (Cits.) . . . It is necessary to introduce an

---

[1] The crimes were committed on September 15, 1988. The indictment was returned on July 18, 1989, and the verdict was returned on March 14, 1990. Carmichael's motion for new trial was filed on April 11, 1990, amended on August 15, 1990, and denied on August 16, 1990. A notice of appeal was filed on August 22, 1990. The case was docketed in this court on September 26, 1990. Oral arguments were heard on November 19, 1990.

authenticated copy of the record of the court in which he was convicted. (Cits.)" [Cit.]

Carmichael failed to inform the trial court that the purpose of the proposed cross-examination was to show that the witness had made an agreement with the prosecution, rather than for the purpose of general impeachment. Further, "it is 'highly probable that the error did not contribute to the judgment.' " *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

(b) (i) Carmichael asserts as error the trial court's refusal to permit him to attempt to impeach Gould by use of prior inconsistent statements made within a juvenile court.

(ii) The trial court allowed Carmichael to cross-examine for the purpose of impeachment. The state's objections were addressed to the paraphrasing of the testimony of the prior hearing, rather than to its admission. See *Dickey v. State*, 240 Ga. 634, 639 (3) (242 SE2d 55) (1978). There was no error.

(c) (i) Carmichael contends that the admission of Gould's testimony as to an alleged telephone conversation was erroneous. He argues that voice identification is opinion evidence, which is inadmissible unless the witness discloses his basis for the opinion. *Shepherd v. State*, 173 Ga. App. 499, 500 (1) (326 SE2d 596) (1985).

(ii) A proper foundation was laid by Gould's testimony that he had known Carmichael for a week and a half before the homicide; that on the night before the shooting, Carmichael stated that he would rob the victim; and that Carmichael had possession of a handgun at that time. Gould identified Carmichael as the person with whom he had spoken. There was no error.

3. (a) Carmichael enumerates as error the trial court's refusal to charge the jury on voluntary manslaughter.

(b) Evidence that the victim attempted to acquire a weapon with which to defend himself during the course of an armed robbery did not require the giving of such a charge. There was no error.

4. (a) Carmichael urges as error the denial of his motion in limine to exclude admissions that he had made to police officers concerning involvement with illegal drugs.

(b) Carmichael failed to make this objection at the *Jackson-Denno* hearing, or at the introduction of the evidence. He requested no curative instructions, nor did he move for mistrial. There was no error.

5. (a) Carmichael enumerates as error the trial court's refusal to allow him, at time of trial, to change from prison clothing into civilian clothing. He relies upon *Pike v. State*, 169 Ga. App. 358 (312 SE2d 808) (1983).

(b) Carmichael did not make the request to change his clothing

until the jury was on its way into the courtroom. The court observed that it did not wish to keep the jurors waiting, and that Carmichael should have changed clothing earlier. There was no objection. Further, he has not shown that the clothing he wore during the trial exhibited "any marking commonly associated with prison clothing so as to render [his] trial unfair." *State v. Pike*, 253 Ga. 304, 307, 308 (320 SE2d 355) (1984).[2]

6. We have reviewed the remaining enumerations and find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 31, 1991 —
RECONSIDERATION DENIED FEBRUARY 20, 1991.

*Jonathan Goldberg*, for appellant.

*Lewis R. Slaton*, District Attorney, *Carl P. Greenberg*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *C. A. Benjamin Woolf*, for appellee.

---

[2] While we find no reversible error, we note that the better course would have been to delay the trial for a few minutes, and thereby avoid a troubling circumstance.