A92A0673. HOWARD v. THE STATE.
(420 SE2d 811)

COOPER, Judge.

Appellant was convicted by a jury of rape. Following the denial of his motion for new trial, appellant appeals raising three enumerations of error.

The evidence adduced at trial reveals that appellant approached the victim at the Five Points MARTA station in Atlanta and began talking to her. The victim had never seen appellant before that day. Appellant told the victim that he was going shopping and convinced her to take the bus with him to a mall. Appellant and the victim got on a bus headed toward the mall, but before the bus got to the mall, appellant persuaded the victim to get off the bus and go with him to his house so that he could get his father's car and drive them to the

mall. Once they arrived at appellant's house, appellant told the victim that he was going to call his father to arrange to use the car. Appellant then sat next to the victim on a couch and put his hand up her skirt. The victim jumped up and ran to the front door, but appellant blocked the door and pulled the victim toward the bedroom. Appellant told the victim to take her panties off and threatened the victim several times by telling her that he would get his gun if she did not cooperate. Appellant then raped the victim. The victim subsequently identified appellant in a photographic lineup as the man who raped her.

The State introduced evidence of a similar transaction which occurred less than one year earlier. As part of that evidence, the victim testified that appellant approached her near the Five Points MARTA station and began talking to her about why she looked so depressed. The victim told appellant about her financial troubles, and appellant suggested to the victim that she accompany him to his house where he would introduce her to someone who would get her into the drug business. Appellant and the victim got a ride to appellant's house and waited there for appellant's friend. When the friend failed to show, the victim tried to leave, but appellant blocked the victim's way. Appellant struck the victim several times and then took out a knife, forced the victim to take off her clothes and raped her.

Appellant testified and admitted having consensual sexual intercourse with the victim in the instant case and stated that the victim became angry when appellant refused to give her money. Appellant also testified that he had consensual sexual intercourse with the similar transaction victim and that she too became angry when he did not give her money.

1. In two enumerations of error, appellant contends that the trial court erred in admitting the similar transaction evidence. First, appellant argues that at the time of trial, he had not been tried on the charges related to the similar transaction; therefore, any purported relevance was outweighed by the prejudicial impact of that evidence. The fact that appellant had not been tried on the prior transaction did not preclude the admission of the evidence. *McGuire v. State*, 188 Ga. App. 891 (1) (374 SE2d 816) (1988). " ' "Evidence of similar transactions or crimes is admissible when it is shown that the defendant is the perpetrator of the similar offense, and there is sufficient similarity between the independent crime and the offense charged that proof of the former tends to prove the latter. (Cit.) Evidence of independent crimes has been admitted to show bent of mind and course of conduct, and has been most liberally extended in the area of sexual offenses. (Cit.) There was no question that appellant was the perpetrator of the similar [offense], and the modus operandi of appellant was the same. Thus, such evidence was admissible to show appel-

lant's bent of mind. . . . (Cit.)" (Cits.)' [Cits.]" *Williams v. State,* 190 Ga. App. 646, 647-648 (1) (381 SE2d 65) (1989). There were numerous similarities between the two offenses which occurred less than one year apart. Appellant approached both victims at or near the same location and used deception to convince the victims to accompany appellant to his house. Appellant either produced a weapon or threatened the use of a weapon to force the victims to disrobe before appellant raped the victims. Appellant also argues that the State's presentation of four witnesses to prove the similar transaction was prejudicial. We find no merit to that argument and conclude that the similar transaction evidence was properly admitted.

2. Appellant enumerates as error the trial court's refusal to grant a mistrial when the State placed appellant's character in issue. During the victim's testimony she stated that a detective investigating the case showed her "pictures of different people that had committed crimes. . . ." Appellant's counsel objected and moved for a mistrial on the ground that appellant's character had been impermissibly placed in issue. The court denied the motion and instructed the jury to disregard the statement by the victim. " 'When prejudicial matter is placed before the jury in a criminal case, the trial judge must decide whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from consideration of the jury under proper instructions.' [Cit.] Whether a mistrial is necessary to preserve the defendant's right to a fair trial is a matter within the discretion of the trial judge. [Cit.]" *Tyler v. State,* 198 Ga. App. 685, 687 (1) (402 SE2d 780) (1991). We find no abuse of discretion in the denial of the motion for mistrial.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JULY 10, 1992.

*John H. Tarpley,* for appellant.
*Robert E. Wilson,* District Attorney, *Barbara B. Conroy, Elisabeth MacNamara,* Assistant District Attorneys, for appellee.