## A93A1030. EVERHART v. THE STATE.
(432 SE2d 670)

McMurray, Presiding Judge.

Defendant Everhart appeals his conviction of the offenses of possession of cocaine with intent to distribute and of selling cocaine. *Held*:

1. Defendant enumerates as error the admission of evidence concerning his previous conviction for possession of cocaine with intent to distribute. The previous arrest and conviction occurred when police, who were observing defendant and a second individual on the street exchanging something for money, concluded that they had probably observed a drug transaction take place. When the police approached, the second individual successfully fled the scene while defendant was apprehended and 53 hits of crack cocaine packaged in clear plastic bags were found on his person.

In the present case, officers made a buy of crack cocaine through an intermediary who led them to an apartment, entered the apartment with a $20 bill which had been photocopied and the serial number recorded, and returned with a blue ziplock bag containing cocaine. When police entered the apartment and searched pursuant to the consent of the lessees they found a large sandwich bag containing 147 small blue ziplock bags of cocaine. This cache of cocaine provided the basis for the possession with intent to distribute cocaine charge against defendant.

" ' "Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, outweighs its prejudicial impact." (Emphasis deleted.) (Cit.) "(B)efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter." (Cit.)' *Aaron v. State*, 195 Ga. App. 339 (1) (393 SE2d 698) (1990). 'There is no requirement that . . . the "other transaction" must be identical in every aspect. "The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence 'may be admitted if it " 'is substantially relevant for some purpose other than to show a probability that (the defendant) committed the crime on trial because he is a man of criminal character. . . .' " ' (Cit.)" (Cit.)' (Emphasis deleted.) *Faison v. State*, 199 Ga. App. 447,

448 (1) (405 SE2d 277) (1991)." *Smith v. State*, 203 Ga. App. 3, 4 (416 SE2d 129).

Defendant does not dispute that he was the perpetrator of the earlier offense. However, defendant contends that there is not a sufficient similarity or logical connection between the earlier offense and the offenses presently at issue. We do not agree. While there are some changes in defendant's marketing methodology, he apparently continues to be a retailer of small quantities of crack cocaine. In both the previous and present cases, an actual or suspected sale of contraband attracted the interest of law enforcement officers who found defendant in possession of large numbers of small packages of crack cocaine. The type of packaging and large number of individual packages in defendant's possession in both incidents suggest a common scheme or course of conduct, and illustrated a bent of mind or intent to sell contraband. The trial court did not err in denying defendant's motion in limine regarding the previous conviction. *Howard v. State*, 204 Ga. App. 882, 883 (1) (420 SE2d 811); *Dobbs v. State*, 204 Ga. App. 83, 85 (3) (418 SE2d 443).

2. When police entered the apartment involved in the case sub judice they found ten persons present, obtained permission of the lessees to conduct a search of the apartment, and found the contraband. Police then spoke to the lessees, who were seated in the living room of the apartment, confronting them with the contraband found in their apartment and asking them if they were aware of the presence of the cocaine in the apartment. Defendant, who was also seated in the room, then stood up and stated that, "it's mine."

At trial, defendant sought to exclude this statement and a *Jackson-Denno* (*Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing was held to consider this issue. Defendant enumerates as error the trial court's admission of evidence concerning defendant's admission.

Defendant contends that the statement was made in response to a custodial interrogation before he was advised of his *Miranda* rights. See *Miranda v. Arizona*, 384 U. S. 436, 475-476 (86 SC 1602, 16 LE2d 694). There were five or six officers in the apartment during the search, assigned to both the conduct of the search and to detaining the occupants. Seven of the occupants, including defendant and the lessees, were detained in the living room. Defendant fit the description given by the intermediary of the person from whom he had received the cocaine.

Assuming that defendant was in custody, the fact remains that there was no question, interrogation, or statement of any kind directed to defendant which may be connected with his admission that the cocaine was his. While defendant argues that the police should have known that the question posed to the lessees was likely, under

the existing circumstances, to elicit an incriminating response from defendant, such issues relating to whether the statement was the result of an interrogation or was volunteered is a factual determination. The trial court's resolution of this factual issue adversely to defendant was not clearly erroneous, therefore will not be disturbed on appeal. *Findley v. State*, 251 Ga. 222, 225 (1) (304 SE2d 898).

Such a spontaneous statement as made by defendant is not subject to exclusion under *Miranda*. *Lolley v. State*, 259 Ga. 605, 606 (2a) (385 SE2d 285); *Eady v. State*, 182 Ga. App. 293, 299 (8) (355 SE2d 778); *DeLoach v. State*, 175 Ga. App. 708, 710 (334 SE2d 35). See also *Shoemaker v. State*, 165 Ga. App. 124, 125 (2) (299 SE2d 414), involving a defendant who was a passenger in a car stopped by police and who responded to a question directed to the driver. This enumeration of error is without merit.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 16, 1993.

*John H. Tarpley, James A. Gelin*, for appellant.

*J. Tom Morgan III, District Attorney, Barbara B. Conroy, Gregory J. Giornelli, Stacy Y. Cole, Assistant District Attorneys*, for appellee.