## A93A1653. PARKS v. THE STATE.
(437 SE2d 651)

POPE, Chief Judge.

Following denial of his motion for new trial, defendant appeals his conviction for rape and burglary. Construing the evidence in the light most favorable to support the verdict, the jury was authorized to find that in the early morning hours of April 15, 1989, the defendant entered the residence of the victim and raped her repeatedly.

1. Defendant argues the trial court improperly allowed evidence of an alleged similar transaction. Before admitting the similar transaction evidence, the trial court conducted a hearing pursuant to Superior Court Rule 31.3 (B), in which the State made a showing that it

intended to present the evidence of the independent act for a proper purpose, that there was sufficient similarity between the independent crime and the offense charged such that the former tends to prove the latter, and that the perpetrator of the similar offense was the defendant. Both the victim of the independent offense and the victim of the offense charged identified the defendant as the rapist. The rapes occurred in very close geographical proximity to each other, and both occurred very close to the defendant's former place of employment. The independent offense occurred approximately one year after the crimes charged. The victims testified that on both occasions the perpetrator smelled of alcohol, threatened the victim, instructed the victim not to look at his face and appeared familiar with the area. Both victims testified that they saw or thought they saw a knife on the perpetrator's person. Although there were some dissimilarities between the offenses, we find that the trial court correctly concluded that the State introduced the evidence for a proper purpose, the offenses were sufficiently similar and the defendant was the perpetrator of the independent offense. Accordingly, we find no merit in defendant's argument that the trial court erred in admitting the similar transaction evidence. *Howard v. State*, 204 Ga. App. 882 (1) (420 SE2d 811) (1992).

2. Defendant complains that the trial court erred by having communications with the jury in open court when the defendant was not present. The record reflects that after the jury had deliberated approximately one-and-one-half hours, they sent a note to the judge saying "[W]e cannot come to an entire conclusion. What do we do?" Upon receiving the note, the trial judge called counsel for both sides to the bench and suggested that because it was late in the afternoon, the jury be sent home for the day and brought back tomorrow. Counsel for both sides agreed to that procedure. The trial judge then asked if defense counsel waived the presence of the defendant and he responded, "Defense waives the defendant's presence."[1] The jury was then brought in and dismissed for the day.

It is well-settled that the defendant on trial must be present when the court takes any action *materially affecting* his case. There must be no communication that would tend in any manner to prejudice the defendant and unless the character of the communication clearly shows that it could not have been prejudicial to the accused, it is presumed to be prejudicial. *Hurston v. State*, 206 Ga. App. 570 (2) (426 SE2d 196) (1992). The record clearly shows that the communication between the trial court and the jury in defendant's

---

[1] Defendant does not argue that his counsel did not have his permission to waive his presence or that he failed to later acquiesce in the waiver of his presence. See *Williams v. State*, 251 Ga. 749, 798 (312 SE2d 40) (1983).

absence was not prejudicial. The jury was simply told that they would be allowed to go home for the day and instructed to return the next day and continue deliberations. Nothing was said outside defendant's presence that could have "undermined the inherent fairness of the trial or the rights of [defendant]." Id. at 572-573. Defendant's reliance on our decision in Collins v. State, 191 Ga. App. 289 (2) (381 SE2d 430) (1989) is misplaced because in that case substantive instructions were given to the jury outside the defendant's presence.

3. Defendant argues the trial court erred in charging the jury that aggravated assault with intent to rape could serve as the underlying felony to support the defendant's conviction for burglary because the indictment which charged him with burglary stated that the underlying felony was rape. However, it can be determined from the verdict form that the jury in this case found the underlying felony of which defendant was guilty to be rape rather than aggravated assault with intent to rape. Accordingly, if this charge was error, it is at most harmless error under the facts of this case and does not authorize reversal of defendant's conviction. Cf. Peters v. State, 261 Ga. 373 (3) (405 SE2d 255) (1991) (impossible from the verdict to tell what the jury considered to be the underlying felony). See also Hardy v. State, 159 Ga. App. 854, 859 (285 SE2d 547) (1981) (" 'An assault, or assault and battery, is necessarily involved in every case of rape. (Cits.) In all cases where the defendant is charged with rape, and where the evidence under any view thereof, would authorize a conviction for a lesser offense necessarily involved in the graver charge, the jury should be instructed that he may be convicted of the lesser offense. (Cit.) . . .' [Cit.]").

4. We find no merit in defendant's argument that the jury charge taken as a whole denied him due process, shifted the burden of proof, and negated any charge on reasonable doubt. Our review of the charge in this case reveals that the jury was properly instructed on the State's burden of proof and that the burden of proof never shifts to defendant. The charge on reasonable doubt does not contain any of the language which required a finding that the subject charge was constitutionally deficient in Cage v. Louisiana, 498 U. S. 39 (111 SC 328, 112 LE2d 339) (1990) (per curiam) and Sullivan v. Louisiana, 508 U. S. ___ (113 SC 2078, 124 LE2d 182) (1993). Furthermore, defendant's argument that the use of the term "duty to convict" constitutes reversible error has been decided adversely to defendant by our Supreme Court in Sutton v. State, 262 Ga. 181 (2) (415 SE2d 627) (1992).

5. Defendant also challenges the denial of his motion for new trial on the general grounds. The victim testified that she had a sufficient opportunity to observe the rapist and identified defendant as the perpetrator. Also, the State presented evidence that defendant's finger-

print was removed from a light bulb in the victim's residence, which was unscrewed by the rapist to make the victim's residence darker. As matters of credibility of a witness are solely for the jury to determine, the jury was authorized to reject defendant's alibi defense. The evidence was sufficient for a rational finder of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 8, 1993.

*R. Gary Spencer, Marc N. Cunat*, for appellant.

*Lewis R. Slaton, District Attorney, Barry I. Mortge, Assistant District Attorney*, for appellee.