## A94A1143. CHADWICK v. THE STATE.
(448 SE2d 751)

RUFFIN, Judge.

The appellant, Douglas M. Chadwick, was convicted by a jury of the offenses of DUI and driving on a suspended license. This appeal followed the denial of his motion for a new trial.

At trial, Officer Pat Sleffel of the Rome Police Department testified that he stopped the appellant's vehicle for failure to maintain its lane, approached and asked the appellant for his driver's license and proof of insurance. The officer also stated that the appellant was unsteady on his feet and there was a strong odor of alcohol on his breath. The officer attempted to administer a field alco-sensor test, but the appellant did not cooperate. Instead of following the officer's instructions, the appellant blocked the tube with his tongue and merely pretended to blow into the instrument. The State argued that the appellant learned from his first DUI that such behavior might enable him to "beat" the alco-sensor test. The officer who charged the appellant with the prior DUI reported the appellant's eyes were bloodshot and watery, his complexion was flushed and there was a moderate odor of alcohol about his person when he was stopped. He was driving on a suspended license. He submitted to a field breath test. After hearing argument, the trial court found the circumstances of the instant offense and the prior offense were substantially similar and admitted evidence of the prior transaction to show the appellant's course of conduct and bent of mind.

1. The appellant enumerates as error the trial court's admission of evidence of his prior DUI conviction pursuant to a guilty plea. He maintains that the circumstances of the prior crime were not similar because in that instance he cooperated with the police, took the intoximeter test, pled guilty in court and accepted the penalty. In contrast, the appellant argues, in this case he has steadfastly denied consuming any alcohol on the day he was arrested. Moreover, he contends the State improperly used the prior offense to speculate that the appellant learned from his first DUI how to "beat" the alco-sensor test when he was stopped a second time for that offense.

"Before evidence of independent crimes is admissible two condi-

tions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. There is no requirement that the other transaction must be identical in every aspect. The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character." (Citations and punctuation omitted.) *Everhart v. State*, 209 Ga. App. 82 (1) (432 SE2d 670) (1993). "[I]t is the simple act of driving while . . . under the influence that establishes the commission of those crimes. A prior act of [DUI] would, regardless of any slight variance of circumstances, be relevant to prove bent of mind or course of conduct. [Cits.]" *Kirkland v. State*, 206 Ga. App. 27, 28 (3) (424 SE2d 623) (1992).

We find no impropriety in the State's use of the similar transaction evidence. Regardless of the circumstances of the offense or the appellant's conduct after he was stopped, the prior DUI was relevant and admissible for a purpose other than to show a probability that the appellant committed the instant offense because he is a man of criminal character: The appellant's prior experience with the alcosensor enabled him to attempt to "beat" the test in the instant case.

2. The appellant complains that a portion of the trial transcript was omitted by the court reporter because of a defective tape. However, the record discloses no attempt by the appellant to correct or supplement the record on appeal in accordance with the provisions of OCGA § 5-6-41 (f), or otherwise to raise the issue before the trial court. Accordingly, this enumeration presents nothing for review. See generally *Porado v. State*, 211 Ga. App. 728, 730 (3) (440 SE2d 690) (1994).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 15, 1994.

*James C. Wyatt,* for appellant.
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Lisa W. Pettit, Assistant District Attorneys,* for appellee.