## A99A1204. HUNTER v. THE STATE.
### (525 SE2d 766)

BARNES, Judge.

Richard Kimlin Hunter pled guilty to driving under the influence, and a jury convicted him of the offenses of theft by taking and possession of marijuana. He now appeals contending that his defense counsel was ineffective, the trial court had improper contact with the jury, the trial court gave an erroneous charge on equal access and expert testimony, and the evidence was insufficient to sustain his conviction for theft by taking. Finding no error, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that at about 2:00 a.m. a deputy sheriff, using radar, clocked the vehicle Hunter was driving at 95 mph. When Hunter stopped, the deputy immediately noticed obvious signs of intoxication. After Hunter failed field sobriety tests, the deputy arrested him. While Hunter was inside his patrol vehicle, the deputy saw Hunter bending and shifting around as if he were trying to conceal something. The deputy removed Hunter from the vehicle, searched the inside of the vehicle, and found a marijuana cigarette directly behind where Hunter was sitting. The deputy testified that he had thoroughly checked the back seat of his car before he arrested Hunter.

The rightful owner of the car Hunter was driving testified that her car was stolen from her yard after 11:30 p.m. on the night Hunter

was arrested. Hunter, who lived less than a mile from the victim, testified that around 11:30 p.m., he walked to a nearby convenience store where he met Tim Johnson, who gave him a ride to a bar in Winder. According to Hunter, Johnson loaned him the car to obtain "some speed." While en route, the deputy intercepted him and he was unable to complete his errand.

1. Hunter's contention that he was entitled to an equal access charge on the marijuana possession is without merit. The equal access rule applies only where the sole evidence of possession of contraband found in a vehicle is the defendant's ownership or possession of the vehicle. *Wright v. State,* 194 Ga. App. 739, 741 (2) (391 SE2d 791) (1990). Here, Hunter neither owned nor possessed the patrol car, and no presumption of possession arose. See *Barnwell v. State,* 197 Ga. App. 116, 117 (3) (397 SE2d 717) (1990).

2. Hunter claims that the trial court erred in charging the jury about expert witnesses because the witness mentioned during the charge was not qualified as an expert. Whether a witness has such learning and experience in a particular profession to be deemed an expert is a matter within the sound discretion of the trial court (*Hudson v. State,* 175 Ga. App. 692, 693 (4) (334 SE2d 20) (1985)), and our law does not demand that a witness be designated as an expert before testifying as an expert. *Bacon v. State,* 225 Ga. App. 326, 328-329 (483 SE2d 894) (1997). Here, the trial court determined that one witness was an expert, and, thus, the charge given was appropriate.

3. Hunter also contends his trial counsel was ineffective because she failed to request a charge on prior consistent statements. In both Hunter's statements to the deputy after he was stopped and his trial testimony he said he borrowed the car from a person he had just met, and he was going to another bar to buy drugs. As both Hunter and the deputy related the same statements, the essential evidence supporting Hunter's defense was before the jury. As this evidence was not contradicted by other testimony, we find it highly unlikely that the failure to request this charge affected the result in this case. Error by counsel, even if unreasonable professionally, does not warrant reversal if the error had no effect on the judgment. *Goodwin v. Cruz-Padillo,* 265 Ga. 614, 615 (458 SE2d 623) (1995).

4. Hunter also contends his trial counsel was ineffective because she failed to object to the admission of improper bad character evidence regarding his past illegal drug use. Hunter, however, introduced evidence that as a former drug user he had an established drug connection in Loganville from whom he would be able to obtain some speed. As a result, he opened the door to cross-examination about his past drug use and his knowledge of where to get drugs. See *Hayes v. State,* 189 Ga. App. 39, 41 (2) (375 SE2d 114) (1988) (defendant's testimony about his past criminal activity raised issue for full

exploration on cross-examination). As this evidence was admissible, Hunter's defense counsel was not ineffective for failing to object.

5. Hunter further claims that his convictions must be reversed because the trial court on two occasions had impermissible contact with the jury out of his presence. The record shows with regard to the first occasion that after denying a motion for directed verdict, the judge asked if anyone objected to his going to the jury room to release the jurors. The defendant was present in the courtroom at the time of this request and made no objection. Under the circumstances, the issue was waived. *Russell v. State*, 230 Ga. App. 546, 547 (1) (497 SE2d 36) (1998).

On the second occasion, while the jury was deliberating and the defendant was in a holding cell, the trial court consulted with counsel and then stated, "Let the record reflect that I'm fixing to go in the jury room and ask them do they want to go to lunch or continue to deliberate. The defendant's presence in the courtroom for this particular purpose is waived." Because this problem recurs with regularity, we repeat:

> Unquestionably the trial judge should not in any manner communicate with the jury about the case, in the absence of the accused and his counsel, pending the trial; and the better practice is for the judge to have no communication with the jury on any subject except through the medium of the sworn bailiff in charge of the jury; and the communication should be restricted, in the absence of the accused and his counsel, to matters relating to the comfort and convenience of the jury. There should be no communication which would tend in any manner to prejudice the accused; and unless the character of the communication clearly shows that it could not have been prejudicial to the accused, the presumption of law would be that it was prejudicial. We state again: all communications with the jury are to be discouraged except in open court with all persons present.

(Citation and punctuation omitted.) *Hanifa v. State*, 269 Ga. 797, 807 (6) (505 SE2d 731) (1998).

Because the trial court placed on the record what his communication with the jury would be, we can say that this communication clearly was not prejudicial to the accused. Therefore, this contact does not require reversal. *Hanifa*, supra, 269 Ga. at 808; *Hurston v. State*, 206 Ga. App. 570, 571-573 (2) (426 SE2d 196) (1992); *Recoba v. State*, 179 Ga. App. 31, 33 (3) (345 SE2d 81) (1986).

6. Hunter's contention that the evidence was insufficient to sustain his conviction for motor vehicle theft is also without merit. The

victim testified that she did not loan her car to Hunter or anyone else. Hunter, who lived nearby, testified that he was out walking around the time the vehicle was taken, and Hunter was found in sole possession of the stolen vehicle shortly after it was reported missing. Although Hunter claimed that a stranger gave him permission to use the car, the jury was free to disbelieve this version of events. This evidence was sufficient to sustain Hunter's conviction within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Rogers v. State*, 185 Ga. App. 211, 212-213 (1) (363 SE2d 846) (1987).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 19, 1999 —
RECONSIDERATION DENIED DECEMBER 3, 1999 —

*Brian Steel*, for appellant.
*Alan A. Cook, District Attorney, Jay M. Jackson, Assistant District Attorney*, for appellee.