## A01A1443. GRIGGS v. THE STATE.
### (554 SE2d 569)

JOHNSON, Presiding Judge.

Michael Griggs, Jamoche Battles, Charles Hithe and Demarius Wiley were jointly indicted for the armed robberies of three employees of a Blockbuster Video store in Douglas County on September 21, 1998. Griggs was tried alone on the charges and was convicted of all three armed robbery counts. He appeals, challenging the trial court's rulings admitting evidence of his statement to police and evidence of a similar transaction. The challenges are without merit, and we therefore affirm Griggs' convictions.

At trial, the state presented numerous witnesses, including the testimony of Griggs' co-indictee Wiley. Viewed in the light most favorable to support the verdict, the state's evidence shows that on September 21, 1998, Griggs, Battles, Hithe and Wiley drove to a Blockbuster Video store in Douglasville. Griggs and Battles went into the store, while Hithe and Wiley waited outside in the car. Both Griggs and Battles were carrying guns, and Battles demanded that the three store employees give him money. The employees gave Battles money from the store register. Griggs and Battles then left the store, got in the car with Hithe and Wiley and drove away from the scene.

In addition to the evidence of the indicted robbery, the state introduced evidence of three similar transactions. The state proved that on September 20, 1998, the same four men drove to a Holiday

---

[6] See *Smalls v. State*, 242 Ga. App. 39, 40 (1) (528 SE2d 560) (2000); *Sewell*, supra at 484; *Edenfield*, supra at 207.

Inn in Fulton County. Griggs and Battles entered the Holiday Inn, while Hithe and Wiley waited in the car. Griggs pulled out a gun as Battles jumped over the front counter and began taking money from the clerk. After stealing about $650, Griggs and Battles fled to the car and left the scene with Hithe and Wiley.

The state further proved that in the early morning hours of September 22, 1998, the same four men committed two armed robberies in Coweta County. They first robbed another Blockbuster Video store, and then an hour later they robbed a Chevron gas station.

The police identified the car used in the robberies and eventually arrested the four men. Griggs signed a waiver form and gave a voluntary statement to the police. In the statement, Griggs admitted that on September 21 he had gone into the video store with Battles, that he had carried a shotgun and that he had cocked the gun.

Griggs testified at trial, denying that he committed the September 21 video store robbery. He claimed that he was at his grandmother's birthday party and then was at home watching a televised football game on that date. Griggs also denied admitting to the police that he had entered the video store with a shotgun.

Thereafter, the jury returned its verdict, finding Griggs guilty of the armed robberies of the three video store employees. Griggs appeals from the judgments of conviction entered on the verdict.

1. Griggs complains that the court erred in admitting similar transaction evidence of the Holiday Inn armed robbery because the state failed to show that he was the perpetrator of that crime, that it was sufficiently similar to the indicted offense or that its relevance outweighed its prejudice. The complaints are specious.

Both the victim of the Holiday Inn armed robbery and co-indictee Wiley identified Griggs as one of the perpetrators of that crime. Thus, contrary to Griggs' claim, the state showed that he committed the similar transaction.[1]

Moreover, the Holiday Inn armed robbery is virtually identical in all material respects to the indicted Blockbuster armed robbery. In both instances, Griggs and Battles entered the businesses while Hithe and Wiley waited outside in the car, Griggs brandished a gun as Battles took money, and Griggs and Battles then fled from the businesses. Additionally, the two crimes took place on successive days, and both occurred in the metropolitan Atlanta area.[2]

The similar transaction evidence was highly relevant. Griggs presented an alibi defense. Thus, the probative value of the similar

---

[1] See *Belton v. State*, 270 Ga. 671, 674 (5) (512 SE2d 614) (1999); *Parks v. State*, 210 Ga. App. 796, 797 (1) (437 SE2d 651) (1993) (victim identified defendant as perpetrator of similar crime).

[2] See *Byrd v. State*, 236 Ga. App. 485, 487 (5) (512 SE2d 372) (1999).

transaction evidence to help identify Griggs as the perpetrator of the indicted offense outweighed any prejudice.[3] The trial court committed no error in allowing the evidence.

2. Griggs argues that the court erred in finding that his statement to the detective was freely and voluntarily given. Undermining Griggs' argument is his signature on a waiver form indicating that he was informed of his rights to remain silent and to have a lawyer, that he wanted to waive those rights and make a statement, that no threats or promises were made to him, that no pressure or coercion was used against him and that he was not under the influence of any drugs.

Moreover, a detective testified that Griggs was 20 years old at the time of the statement, that Griggs had a high school degree and had attended college, that Griggs was read his rights, that Griggs appeared to understand his rights and agreed to waive them, that the interview lasted about an hour, that Griggs asked the detective to write down the statement admitting his involvement in the armed robbery, that Griggs then refused to sign the written statement and asked for an attorney and that the detective therefore ended the interview.

Under all the circumstances surrounding Griggs' interview and statement, the trial court did not err in finding that Griggs gave the statement freely and voluntarily.[4]

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED AUGUST 30, 2001.

*Monica T. Myles, Virginia W. Tinkler*, for appellant.
*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.

