## A02A0468. GUILD v. THE STATE.
(564 SE2d 862)

MILLER, Judge.

Russell Robert Guild was convicted of armed robbery and possession of a firearm during the commission of a crime. He cites four enumerations of error, all of which lack merit. First, he challenges the sufficiency of the evidence, which challenge fails in light of the eyewitness testimony against him. Second, since Guild's prior armed robbery is sufficiently similar to his current offense, the court did not abuse its discretion in admitting the similar transaction. Third, his *Batson* challenge fails in light of evidence supporting the trial court's findings. Fourth, the court did not abuse its discretion in denying his motion for continuance, for two weeks may be sufficient to prepare and the short time period was caused by Guild's own conduct. Accordingly, we affirm.

1. Regarding sufficiency of the evidence, the standard is clear:

On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*[, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)]. Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

(Footnotes omitted.) *Phagan v. State*, 243 Ga. App. 568, 569-570 (2) (533 SE2d 757) (2000); see OCGA § 24-4-8; *Parker v. State*, 244 Ga. App. 419, 420 (1) (535 SE2d 795) (2000).

Evidence showed that Guild had previously committed an armed robbery late at night by exiting a distinctive two-tone car and placing a gun to the head of the victim who was sitting in a car. In the present case, late one evening the victim saw the same distinctive two-tone car parked nearby just before she withdrew money from a drive-through automated teller machine (ATM) while she sat in her car. Before she was able to bring the cash through her car window, a man approached and placed a gun to her head. She forced the gun down, struggled with the perpetrator, dropped the money, and sped off. When police arrived at the scene, the money was gone. With 100 percent certainty, she positively identified Guild at trial as the robber.

Regardless of other inconsistent evidence, this evidence sufficed to sustain convictions for armed robbery and for possession of a gun while committing a crime against a person. See OCGA §§ 16-8-41 (a); 16-11-106 (b); see also *Kemper v. State*, 251 Ga. App. 665 (1) (555 SE2d 40) (2001). Moreover, the previous armed robbery was sufficiently similar that the trial court did not abuse its discretion in admitting it as a similar transaction to show identity and course of conduct. See *Griggs v. State*, 251 Ga. App. 430, 431 (1) (554 SE2d 569) (2001); *Lowe v. State*, 245 Ga. App. 659, 660 (2) (538 SE2d 552) (2000).

2. Guild challenges the court's findings that he failed to show that the prosecution's striking of three African-Americans in the jury pool was racially motivated. As evidence supported the court's findings, we discern no error.

*Turner v. State*, 267 Ga. 149, 151 (2) (476 SE2d 252) (1996), outlines the procedure for dealing with challenges to jury selection. See generally *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). First, the opponent of the strike must make a prima facie showing of racial discrimination; second, the proponent of the strike must set forth a race-neutral, case-related, clear and reasonable specific explanation for the exercise of its strike; and third, after giving the opponent of the strike the opportunity to make any further showings, the trial court must determine, considering the totality of the circumstances, whether the opponent of the strike has shown that the proponent was motivated by discriminatory intent in the exercise of the strike. *Turner*, supra, 267 Ga. at 151 (2); *Jeremiah v. State*, 250 Ga. App. 397, 399-400 (1) (551 SE2d 819) (2001). "The trial court's findings concerning whether the opponent of the strike has carried the burden of persuasion are entitled to great deference and will be affirmed unless clearly erroneous. [Cit.]" *Turner*, supra, 267 Ga. at 151 (2).

Here the court found that Guild showed a prima facie case of discrimination with regard to the State's striking of three African-Americans, and for purposes of this opinion we assume the evidence sufficed on this point. But see *Love v. State*, 205 Ga. App. 27 (1) (421 SE2d 125) (1992) ("Colloquies between court and counsel and argument of counsel, though included in the record, are not competent evidence of the facts observed therein, and do not suffice to make a proper record of facts required to establish a prima facie case of discrimination.") (citation and punctuation omitted). The State then articulated the following reasons for the strikes. Juror Butts lived in a housing project that was a possible basis for an alibi of Guild, and juror Leverette knew a prosecution witness. Juror Howard had previously used the same ATM, and the State feared outside evidence (Howard's personal familiarity with that area and machine) would influence her decision. Evidence showed that even though another juror (race unidentified) had been struck for this same reason, a white juror who had used the ATM was nevertheless retained. The State showed that this latter juror was retained because she had law enforcement relatives. Guild made no further showings. Based on this record, we defer to the trial court's finding that Guild did not carry his burden of showing discrimination.

3. Just before trial, Guild moved for a continuance on the ground that he had fired his previous attorney and that his current attorney had had only two weeks to prepare for trial. He enumerates as error the denial of that motion.

Under nearly identical circumstances, *Cunningham v. State*, 244 Ga. App. 231, 232 (1) (535 SE2d 262) (2000), held that the trial court did not abuse its discretion in denying a motion for continuance. In

light of Guild's actions and of the holding in *Roland v. State*, 266 Ga. 545, 546 (3) (468 SE2d 378) (1996), that a two-week preparation period may be adequate, we similarly see no reason to hold that the trial court abused its discretion here. See *Massalene v. State*, 224 Ga. App. 321, 322 (1) (480 SE2d 616) (1997) (conduct of party in discharging attorney may weigh against continuance).

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED MAY 7, 2002.

*Ellis R. Garnett*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.